## ERHARDT v. HAHN.

### (Circuit Court of Appeals, Second Circuit. April 18, 1893.)

CUSTOMS DUTIES—"CUT" AGATE AND TIGER-EYE STONES—"PRECIOUS STONES."
   Agate and tiger-eye stones, cut in parts, and ground into shapes of penholder handles and other articles, and known to the trade by the names of "agate penholder handles," "tiger-eye penholder handles," etc., are dutiable at 20 per cent. ad valorem, under the tariff act of 1883, as nonenumerated manufactured articles, and are not admissible duty free, as "agate unmanufactured," nor assessable at 10 per cent., under Schedule A of the same act, as nondutiable crude minerals which have been advanced in value by refining, grinding, or other processes, nor at 10 per cent., under Schedule N as "precious stones." 46 Fed. Rep. 519, reversed.

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Rudolph C. Hahn against Joel B. Erhardt, collector of the port of New York, to recover duties illegally exacted. The circuit court directed a verdict for plaintiff, (46 Fed. Rep. 519,) and, from the judgment entered thereon, defendant brings error. Reversed.

Thos. Greenwood, Asst. U. S. Atty., for plaintiff in error.
Everit Brown, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. The plaintiff in error was defendant in the court below. The action was brought to recover duties illegally exacted by the defendant, as collector of the port of New York, upon certain importations of merchandise made by the plaintiffs in the year 1889. The merchandise was classified, and subjected to duties at the rate of 20 per centum ad valorem, as nonenumerated manufactured articles, under the provision for "all articles manufactured, in whole or in part, not herein enumerated or provided for," of section 2513 of the tariff act of March 3, 1883. The contention upon the trial was whether this classification was correct, or whether the merchandise was free of duty, under the provision of the same act for "agate manufactured," contained in the free list; or, if not free of duty, was dutiable at the rate of of 10 per centum ad valorem under the provision of schedule A of the same act, for "all nondutiable crude materials, but which have been advanced in value or condition by refining or grinding, or by other processes of manufacture, not specially enumerated or provided for in this act;" or, if not free of duty, or not dutiable at 10 per centum ad valorem under the last-mentioned provision, was dutiable at 10 per centum ad valorem under the provision for "precious stones of all kinds," contained in Schedule N of the same act.

According to the record the following facts appear: The merchandise in suit consisted of various articles, composed with few exceptions of agate, and, in case of these exceptions, of tiger-eye. Those of agate were made from crude agate, and those of tiger-eye from crude tiger-eye, by a process called "cutting," or, in other words, by first sawing these crude stones into pieces of the required sizes, and then grinding such pieces on sandstones or otherwise, and afterwards polishing the same so ground, into the shapes of, and for the uses respectively as, penholder handles, glove-hook handles, shoe-hook handles, knife handles, paper weights, paper cutters, rollers for book binders, slabs for match boxes, and slabs for blotting papers. At and prior to March 3, 1883, the date of the passage of the tariff act in question, crude agate and tiger-eye were known in trade and commerce as "precious stones;" but all the stones known to commerce as precious stones were bought and sold under their respective descriptive names; and articles like the imported ones were bought and sold in trade and commerce, when made of agate, under the names of and as agate penholder handles, agate glove-hook handles, agate shoe-hook handles, agate knife handles, etc., and, when made of tiger-eye, under the names of and as tiger-eye penholder handles, tiger-eye glove-hook handles, etc. Agate like that of which the imported articles were composed was also made into cameos, ring stones, sleeve buttons, pieces for earrings, and other articles used for jewelry purposes.

At the close of the evidence the defendant requested the judge to instruct the jury to render a verdict in his favor on the ground that the plaintiff had not proven facts sufficient to entitle him to recover. The court refused, and the defendant duly excepted. Thereupon the plaintiff moved the court to instruct the jury to find a verdict in his favor. The judge granted the instruction, and ordered a verdict for the plaintiff. To these rulings the defendant duly excepted. Error has been assigned of these rulings.

It has been repeatedly decided, under the tariff acts, that where an article has been advanced through one or more processes into a completed commercial article, known and recognized in trade by a specific and distinctive name other than the name of the material, and is put into a completed shape designed and adapted for a particular use, it is deemed to be a manufacture. It is sufficient to refer to Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. Rep. 1240; Schrieffer v. Wood, 5 Blatchf. 215; Stockwell v. U. S., 3 Cliff. 284. The importations in question were therefore properly classified and subjected to duty by the collector as articles manufactured in whole or in part, if they were not otherwise enumerated or provided for by the tariff act of March 3, 1883. Clearly none of them were "agate manufactured." Nor were they "crude minerals advanced in value or condition," etc., because that term applies to minerals in a state of preparation for manufacturing uses before they have reached the condition of a manufactured article. We agree with the learned trial judge that the real question in the case is whether they were "precious stones," within the meaning of Schedule N of the act, and therefore enumerated otherwise than as manufactured articles. Undoubtedly, agate stones and tiger-eye stones are "precious stones," within the common acceptation of the term; certainly, some varieties of them are; and of course they were known in trade and commerce, as to the lexicographers, by that generic term. But it does not follow that agate penholder handles, agate shoe-hook handles, etc., are the precious stones of the statute. If it could be shown that these articles, at the date of the tariff act, were bought and sold as precious stones, or were commercially known as such, then no doubt they would have to fall under that classification for duty. Not only had these articles no such commercial designation, but the stones themselves, when imported in the form of stones, were bought and sold as were rubies, diamonds, and other precious stones, by their respective distinctive names. We think the term as used in Schedule N applies to all stones known as precious, whether in their original condition, or advanced beyond it by cutting, polishing, etc., so long as they remained "stones" in the commercial sense of the word.

As the importations fall aptly under the description of manufactured articles, and not under that of precious stones, they were properly classified for duty by the collector, and a verdict should have been ordered for the defendant. **The judgment is reversed.**