HAHN v. ERHARDT, Collector.

(Circuit Court of Appeals, Second Circuit. February 1, 1897.)

CUSTOMS DUTIES—CLASSIFICATION—PROTEST—SIMILITUDE CLAUSE—PRECIOUS STONES.
    When an importer intends to rely upon the similitude clause of the tariff act for the purpose of identifying his merchandise with some enumerated article of the tariff schedules, and means to place his objection to the action of the collector on the ground that the collector has not given due effect to that provision, he should state the fact in his protest; and, if he fails to do so, his objection is not stated distinctly and specifically, within the meaning of the statute. Accordingly, held, that a protest, claiming that the articles in question were dutiable under the provision of the tariff act imposing a duty on precious stones, was insufficient to raise the question whether such articles should have been classified as precious stones by force of the similitude provision of the act.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Comstock & Brown (Everit Brown, of counsel), for plaintiff in error.

Wallace Macfarlane, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty., for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is an action to recover duties alleged to have been illegally exacted by the defendant, as collector of the port of New York, upon certain importations made by the plaintiff in the year 1889, consisting of cane heads, paper cutters, glove-hook handles, paper weights, etc., composed, some of rock crystal, some of agate, and others of onyx. The articles were classified by the collector and subjected to duty under that provision of the tariff act of March 3, 1883, prescribing that there should be levied, collected, and paid on the importation of "all articles manufactured, in whole or in part, not herein enumerated or provided for, a duty of 20 per centum ad valorem." The ground of objection specified in the protest of the plaintiff was that the articles were dutiable under that provision of the act subjecting to a duty of 10 per cent. ad valorem "precious stones of all kinds." Upon the trial the plaintiff offered evidence for the purpose of showing "that the articles in suit were substantially similar in their material, in their quality, in their texture, and in the uses to which they may be applied, or in some one or more of these particulars, to the general class of articles known in trade and commerce at and prior to March

3, 1883, as "precious stones." The court excluded the evidence upon the objection that the protest was insufficient to authorize a recovery under the similitude provision of the tariff act. The ruling was duly excepted to, and its correctness is challenged by the assignments of error.

. The case presents the single question whether, under such a protest, the importer could be permitted to claim that the duties were erroneously exacted because his importations should have been classified as precious stones by force of the similitude provision of the tariff act.

The statute which precludes an importer from recovering duties which have been erroneously exacted, unless he has made a protest in writing, "setting forth distinctly and specifically the grounds of objection," has always been construed as requiring the objection to be so distinct and specific as to advise the collector exactly what the error complained of is. "Technical precision is not required, but the objections must be so distinct and specific as, when fairly construed, to show that the objection taken at the trial was at the time in the mind of the importer, and that it was sufficient to notify the collector of its true nature and character, to the end that he might ascertain the precise facts, and have an opportunity to correct the mistake and cure the defect, if it was one which could be obviated." Davies v. Arthur, 96 U. S. 148.

The similitude provision is intended to prescribe the duty to which articles are to be subjected that have been omitted in the enumeration of dutiable articles in the schedules of the tariff laws. It has no application when the imported article can be identified with any of those described in any of the schedules. If the importer asserts in his protest that his merchandise belongs to the category of enumerated articles, he asserts by implication that its dutiable character is not to be ascertained by reference to the similitude provision.

The similitude provision creates a test or criterion for ascertaining whether, although the article is not enumerated, it is nevertheless better capable of indentification by reason of similarity in one or more specified particulars with some one rather than with any other enumerated article, and subjects it to the same rate of duty imposed upon the enumerated article which it most resembles. In one sense, it is a rule of construction for the guidance of customs officers; but its application always involves an inquiry of fact,—the determination of the question, depending more or less upon expert knowledge, whether, in material, in quality, in texture, or in the use to which it is to be applied, the article more nearly resembles one enumerated article than another.

The protest in the present case would naturally lead the collector to inquire whether the importations were "precious stones," in the commercial acceptation of that term; and certainly it would not give him notice that the importer intended to claim that, although they were not precious stones, yet, because they were of the same material, or because they were capable of the same use, they more nearly assimilated to precious stones than to any other enumerated article.

We conclude that in all cases in which the importer intends to rely upon the similitude clause for the purpose of identifying his merchandise with some enumerated article of the tariff schedules, and means to place his objection to the action of the collector upon the ground that the collector has not given due effect to that provision, he should state the fact in his protest, and, if he fails to do so, his objection is not stated distinctly and specifically, within the meaning of the statute. It follows that the ruling in the court below was correct, and that the judgment should be affirmed.