UNITED STATES v. HAHN.

(Circuit Court, S. D. New York. January 24, 1899.)

No. 2,716.

1. CUSTOMS DUTIES—CLASSIFICATION—AGATES.
    Mineralogical specimens of agates in rectangular pieces, faced and polished, were free, under Rev. St. § 2503, as "agates, unmanufactured," and were not dutiable under section 2513, or, either directly or by assimilation, under the provision in section 2502 for "precious stones of all kinds."

2. SAME.
    Small articles, such as cups, button hooks, penholder handles, paper weights, etc., manufactured from agate or onyx, were dutiable as non-enumerated manufactured articles, under Rev. St. § 2513, and not, either directly or by assimilation, as "precious stones of all kinds," under section 2502.[1]

3. SAME—SIMILITUDES.
    Similitude is a fact, and when found by the board of general appraisers upon competent evidence, on a proper issue, the finding should not be disturbed. But whether there was any occasion in the particular instance for resorting to the similitude section is a question of law, which the court may determine.

This was an application by the United States for a review of a decision of the board of general appraisers in respect to the classification for duty of certain articles imported by Rudolph C. Hahn.

James T. Van Rensselaer, Asst. U. S. Atty.
Everit Brown, for importer.

---

[1] As to interpretation of commercial and trade terms, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.

WHEELER, District Judge. By section 2502 of the Revised Statutes, as amended by the tariff act of 1883, "precious stones of all kinds" were made dutiable at 10 per cent. ad valorem (22 Stat. 514); by section 2503, "agates, unmanufactured," were made free (Id. 514); by section 2513, all articles manufactured in whole or in part, but not therein enumerated or provided for, were made dutiable at 20 per cent. (Id. 523); and by section 2499 every nonenumerated article which bore "a similitude either in material, quality, texture, or use to which it" might be applied, was made dutiable at the same rate as the enumerated article which it should most resemble, and nonenumerated articles, similar in all these respects to articles on the free list, and in the manufacture of which no dutiable materials should be used, were made free (Id. 491). The articles in question are mineralogical specimens of agate, in rectangular pieces, faced and polished; and cups, button hooks, penholder handles, paper weights, and other small, completed articles, manufactured from agate or onyx. They were all assessed at 20 per cent., as nonenumerated manufactured articles. The importer protested that they were free, under the paragraph making agates unmanufactured free, and that, in any event, none of it was dutiable at more than 10 per cent., under section 2513, or, either directly or by assimilation, under the paragraph relating to precious stones. The board sustained the protest, as to the specimens wholly; and so as to reduce the duty on the other articles to 10 per cent., as in similitude to agates.

The protests seem to well enough raise the question of exemption as agates, and of reduction of rate by similitude to precious stones, but not by similitude to agates or anything on the free list. The mere specimens of agate were still agates, however much they had been shaped or polished to show their qualities or to improve their appearance, and would seem to have been still free as agates. The other articles were manufactured articles of their various kinds. The expression "agates unmanufactured" implied that there would or might be agates manufactured, which were left to some other part of the act. Nonenumerated manufactures were not limited at all, as to material of which they might be made, and the provision for them would as well include those of agate as anything; and these other articles well appear to have been of agate manufactured, not provided for or enumerated anywhere as such, and so were manufactured articles not elsewhere provided for, within section 2513. Erhardt v. Hahn, 5 C. C. A. 99, 55 Fed. 273. As well argued for the importer, similitude is a fact, and when found by the board upon warrantable evidence, on a proper issue, the finding should stand. But whether there was any occasion for resorting to the similitude section is a question of law, and, when none existed, the finding was immaterial. Decision affirmed as to specimens, and reversed as to residue.