### TIFFANY v. UNITED STATES.

(Circuit Court, S. D. New York. February 26, 1900.)

No. 2,789.

1. CUSTOMS DUTIES—CONSTRUCTION OF TERMS USED IN STATUTE.
    Terms which had no commercial meaning at the time they were used in a tariff statute must be construed in accordance with their plain, natural meaning.

2. SAME—CLASSIFICATION—DRILLED PEARLS.
    Pearls which, though not strung, have been drilled or pierced, are not dutiable under paragraph 436 of the tariff act of 1897, as "pearls in their natural state, not strung or set," nor are they within any of the other jewelry paragraphs, but must be classified for duty under the general provisions of section 6, covering manufactured or partly manufactured articles not enumerated.

Appeal from the decision of the board of general appraisers fixing the classification for duty of certain imported merchandise.

W. B. Coughtry, for importer.

Henry C. Platt, Asst. U. S. Atty., for the United States.

LACOMBE, Circuit Judge (orally). The question as to the commercial meaning of the phrase "pearls in their natural state" is of no assistance to the disposition of this case, because with practical unanimity all the witnesses agree that that phrase was not known to the trade when this act was passed. Act July 24, 1897, c. 11. It was a phrase coined by congress, wholly unknown to merchants; and the mere fact that since the passage of the act the merchants engaged in this trade have given a meaning to the words used by congress which seems to them reasonable and fair, and which has been, perhaps, produced somewhat by the influences of their own business, makes no difference. We must take the words in the sense in which congress uses them; and, inasmuch as it appears that they had no commercial meaning at that time, we must take them in their plain, natural meaning. The selection made by congress seems to have been an unfortunate one, for it leaves the situation, as has been pointed out, such as to fix a higher duty on the lower article; but unless, out of the language which congress has used, a meaning other and different from that can be fairly read, the court, within its powers, cannot correct the difficulty. Now, the suggestion which might naturally be made that, paragraph 434 having provided for pearls set or strung,

paragraph 436 provides for pearls that are not strung or set, and that that is the dividing line, will not do. That division, or a similar one, seems to have been quite satisfactory in the past. In the act of 1890, by paragraph 453, pearls were taxed 10 per cent., and the only distinction or only advance beyond that was jewelry. In the act of 1894, pearls, including those that are strung but not set, are taxed at 10 per cent., and pearls set taxed at 30 per cent. Up to that time "set" and "strung" seem to have been the adjectives which marked the point of division. But congress, for some reason or other,—what we cannot tell,—was not satisfied to preserve that division, but added in paragraph 436 a provision that the pearls must be not only unstrung and unset, but also must be pearls in their natural state. Of course, there is no escape from the proposition that a drilled pearl is not a pearl in the natural state. As the witness Benedict put it, it is a pearl with a hole, and nature never made the hole. So that, if these words are to be taken in their natural meaning, according to the grammatical structure of the sentence, we have to find, in order to place pearls within the 10 per cent. clause, that they are not only not strung and not set, but also are actually pearls in their natural state. Now, the result of that undoubtedly is that congress has not, as presumably it intended to do, covered all kinds of pearls in the various jewelry paragraphs, and has left a kind of pearl to be covered by one of the catch-all paragraphs. That the court cannot correct. If the court is satisfied that congress meant to cover all kinds of pearls in some way or other, the fact nevertheless remains that it has failed to do so, and the court cannot correct it. We must take the phrase in the sense in which congress apparently used it. That being so, the decision of the board of general appraisers is affirmed.