## HAHN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 28, 1900.)

### No. 55.

1. CUSTOMS DUTIES—CLASSIFICATION—SIMILITUDE CLAUSE.
   A nonenumerated article is to be classified for duty under the similitude clause of a tariff act, where the required similitude exists, rather than under the general residuary clause.

2. SAME—ARTICLES MANUFACTURED FROM AGATE AND ONYX.
   Manufactured articles made from agate or onyx, such as handles for penholders, knives, and shoe and glove hooks, paper weights, etc., are subject to the same rate of duty imposed by paragraph 480 of the tariff act of 1883 on precious stones, under the similitude clause of such act, being identical in "material" with well-known kinds of precious stones, although advanced, by their manufacture into specific commercial articles, beyond the condition of stones.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decision of the circuit court, Southern district of New York (91 Fed. 755), reversing a decision of the board of general appraisers, which reversed a decision of the collector of customs touching the classification for duty of certain merchandise entered at the port of New York, September, 1890.

Everit Brown, for appellant.

Jas. D. Baker, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The merchandise in question comprised small cups, shoe-hook and glove-hook handles, knife handles, paper weights, slabs for match boxes and for blotting papers, and similar articles. They are manufactured wholly of agate or of onyx, onyx and agate being substantially the same, excepting that the mineral is called agate when it has stripes, and onyx when it is all of one color. The relevant provisions of the tariff act of March, 1883, are:

Paragraph 480: "Precious stones of all kinds, ten per centum ad valorem."

Paragraph 596, Free List: "Agate, unmanufactured."

Section 2499: "There shall be levied. * * * upon every non-enumerated article which bears a similitude either in material, quality, texture, or the use to which it may be applied to any article enumerated in this title as chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars before mentioned."

Section 1513: "There shall be levied, collected and paid on the importation of all raw or unmanufactured articles, not herein enumerated or provided for, a duty of ten per centum ad valorem; and on all articles manufactured, in whole or in part, not herein enumerated or provided for, a duty of twenty per centum ad valorem."

The collector classified the importations for duty at 20 per cent. as nonenumerated articles, manufactured in whole or in part. The importer protested, claiming that by similitude (under section 2499) they should be charged with the same rate of duty which is levied upon precious stones. The board of general appraisers reversed the collector, and sustained the importer's claim. The court reversed the board, and sustained the collector.

The undisputed facts of the case and prior decisions of the courts seem to lead to but one conclusion. This court held in Erhardt v. Hahn, 5 C. C. A. 99, 55 Fed. 273, that "undoubtedly, agate stones * * * are 'precious stones,' within the common acceptation of the term; certainly some varieties of them are; and, of course, they were known in trade and commerce and to lexicographers by that generic term." The board of general appraisers in the case at bar hold that agate is one of the precious stones. Indeed, no other conclusion was possible under the testimony, which showed that the term "precious stones" commercially embraced not only the diamond, sapphire, emerald, pearl, opal, and turquoise, but also the garnet, beryl, topaz, rock crystal, lapis lazuli, agate, onyx, jade, amethyst, tiger-eye, chalcedony, bloodstone, moonstone, tourmaline, chrysoprase, etc., and that in this enumeration agate by no means occupied the lowest place either in hardness, susceptibility to high polish, beauty, or rarity. The brief of counsel for the United States contains the statement that the articles are made of the same material as "precious stones" so called. This court further held in Erhardt v. Hahn, supra, that the term "precious stones" applied only to the mineral substances embraced within it while they remained stones, and

that articles like those in suit had been advanced beyond that condition, and had become completed commercial articles known and recognized in trade by specific and distinctive names other than the name of the material, and have been put into a completed shape designed and adapted for particular uses. No one here questions this conclusion. The evidence in the case at bar shows that the articles are known to the trade and bought and sold as "agate penholder handles," "agate shoe-hook handles," "agate slabs," "agate rollers," "onyx glove-hook handles," etc. That they are no longer within paragraph 480, but are separate manufactures, subject to be classified under whatever other provision of the tariff act may be found properly to cover them, is conceded by both sides. Moreover, both sides concede and insist that these articles are not enumerated in any of the 821 paragraphs which make up the free and dutiable schedules of the act of 1883. Not only is there no enumeration of them by their tradenames, but no general phraseology can be found in any of the numerous catch-all clauses with which the schedules are interspersed which can be strained sufficiently to hold them; wherefore they are left exposed to the operation of the general catch-all clauses which were devised to seize hold of all nonenumerated articles. Finally, the board has held that they are similar in material with that particular species of precious stones which is known as "agate," and which, while it remains a stone, is embraced within the descriptive terms of paragraph 480. Inasmuch as the material is identical,—i. e. similar or alike in all respects,—the soundness of this conclusion of fact is not open to dispute.

The only question left is, "Which of the two catch-all clauses above quoted (sections 2499, 2513) is applicable?" But that question also has been answered authoritatively. "If an article is found not enumerated in the tariff laws, then the first inquiry is whether 'it bears a similitude,' etc. * * * If it does, and the similitude is substantial, then, in the language of the court in Stuart v. Maxwell, supra, 'it is to be deemed the same, and to be charged accordingly.'" Arthur v. Fox, 108 U. S. 125, 2 Sup. Ct. 371, 27 L. Ed. 675. The same rule of interpretation is expressed with somewhat greater fullness in Sykes v. Magone (C. C.) 38 Fed. 494, as follows:

"There are a number of articles as to which no duty is to be paid. Those figure on the free list. With regard to everything else which comes here, congress has undertaken to prescribe the specific rate of duty which it shall pay. Of course, to do this by a verbal enumeration of every known article, whether a natural growth or a product of manufacture, would be practically impossible. So, after enumerating with greater or less detail, and by special or general terms, such articles as it occurs to them to enumerate in that way, the framers of these tariff acts have devised various catch-all clauses, in order to prevent any articles which should, in their judgment, pay duty, from slipping through. One of these catch-all clauses is known as the 'similitude clause.' It provides that if an article is * * * not enumerated by general or special name anywhere in the long lists of dutiable articles, then inquiry shall be made as to whether it bears a similitude * * * to any article enumerated in these several lists. * * * Finally, in case all the other catch-all clauses should fail to hold the article, there is a general provision that upon every manufactured article not enumerated or otherwise provided for there shall be a duty of 20 per cent."

The reason why, of the two catch-all clauses found in sections 2499 and 2513, the similitude clause is first to be applied, is manifest. If not so applied, it can never have any application at all, since section 2513, which covers everything unmanufactured, wholly manufactured, and partly manufactured, is phrased with such universal comprehensiveness as to sweep up every conceivable article, leaving nothing "nonenumerated" for section 2499 to apply to. In neither of the causes in which articles like those at bar were before this court did the protest claim that duty should be assessed under the similitude clause. Erhardt v. Hahn, supra; Hahn v. Erhardt, 45 U. S. App. 500, 24 C. C. A. 265, 78 Fed. 620. The point now raised has, therefore, not been adjudicated, and, in view of the decisions above cited, and of the undisputed facts, we concur in the conclusion of the board of appraisers. It may at first seem startling to classify a shoe-hook handle with a diamond for duty purposes, but, when it is made out of what is conceded to be a precious stone, the conclusion is not so absurd. A somewhat different mode of cutting would have changed the handles, paper weights, slabs, etc., into pendants for earrings, or stones suitable for mounting in bracelets or brooches, or as sleeve buttons, scarf pins, or some other of the articles of personal adornment known as "jewelry," and with which the idea of a precious stone is associated.

It is sought to sustain the ruling of the circuit court upon what is said to be the "uniform classification of articles manufactured from agate, onyx, and similar material subsequent to the act of 1883." But during that same period the importers have vigorously insisted that articles like these should pay no higher rate than precious stones. Moreover, some of the rulings of the treasury department which are cited are inapplicable to the case at bar, for the reason that the manufactured agates or onyxes were found to be within some general description in the schedules, and thus enumerated as "beads or bead ornaments" (S. S. 2534, 2877), or as "toys" (S. S. 3264), or were held dutiable by similitude in the case of onyx columns to "manufactures of marble" (S. S. 9228). The decision of the circuit court is reversed, and that of the board of general appraisers is affirmed.