TIFFANY v. UNITED STATES.

(Circuit Court, S. D. New York. February 2, 1901.)

1. CUSTOMS DUTIES—DRILLED PEARLS.

    Drilled or pierced pearls are not pearls in their natural state and are taxable under the tariff act of July 24, 1897, par. 434, and subject to a duty of 20 per cent. ad valorem, as articles manufactured in whole or in part.

2. SAME—APPEAL FROM COLLECTOR.

    On appeal from a decision of the collector, the burden is on the importer to prove that his contention is right, and, if he fails, the action of the collector stands, even though the collector, also, has selected the wrong paragraph.

Appeal by importer from decision of board of general appraisers affirming the action of the collector in assessing duty on certain articles of merchandise known as "drilled pearls."

William B. Coughtry, for importer.

Henry L. Burnett, U. S. Atty., and Henry C. Platt, Asst. U. S Atty.

COXE, District Judge. The importations involved in this controversy are drilled or pierced pearls. The collector classified them under section 6 of the act of July 24, 1897, and assessed a duty of 20 per centum ad valorem as "articles manufactured, in whole or in part." The importer insists by his protest that they should have been classified under paragraph 436 of said act and subjected to an ad valorem duty of 10 per centum as "pearls in their natural state, not strung or set." He also insists in the protest that if not classified in the first instance as pearls in their natural state they should be so classified by virtue of the similitude clause of section 7 of the said act. That pearls with holes drilled through them by skilled labor are not "pearls in their natural state" was decided by this court in Tiffany v. U. S. (C. C.) 103 Fed. 619. It is admitted by the district attorney that the similitude clause should operate before the general catch-all clause providing for nonenumerated manufactured articles. Hahn v. U. S., 40 C. C. A. 622, 100 Fed. 635, and cases cited. He insists, however, that the resemblance of the imported articles is greater to

"pearls set or strung," as provided for by paragraph 434 of the act, than to "pearls in their natural state," as provided for by paragraph 436. The burden is upon the importer to prove that his contention is correct, and if he fails in sustaining this burden the action of the collector stands, even though it appear that the collector also has selected the wrong paragraph. In other words, in order to succeed the importer must show by a preponderance of proof that his importations bear a greater similitude to pearls in their natural state than to any other article enumerated in the act. The only difference between a drilled pearl and a pearl in its natural state is that the former has a hole in it, but there is no difference whatever between a drilled pearl and a strung pearl; the two are identical. No difference in the quality, texture or use to which the two pearls are applied can be predicated of the fact that one has a cord through the hole and the other has not. Place drilled pearls on a cord and they become strung pearls, take strung pearls off the cord and they become drilled pearls. An attempt is made in the importer's brief to establish a greater similarity in the use to which they are put between drilled pearls and pearls in their natural state than between drilled pearls and strung pearls, but the court is unable to discover anything in the proof or the tariff act to sustain this contention. The testimony is undisputed that pearls, whether whole or drilled, are used for jewelry or ornament and "ordinarily all pearls are strung that are drilled." One of the importer's witnesses testified as follows:

"The Chinese as well as the East Indians drill very many pearls for convenience in carrying them, for convenience in handling them. Pearls come into the London and French markets in bunches, where they are strung for convenience, and the bunches are joined together with a silver thread; it would be practically impossible to make such a bunch; we have no one skillful enough after once they are apart here to get them together again. They do not come to this country upon strings. We do not bring them in that way. The tariff law is so against that that of course we do not bring them that way."

Another witness said:

"Many of these drilled pearls, the subject of this importation, were undoubtedly used by some person in the East as ornaments, and many were not, it would be impossible to distinguish between the two."

The court is clearly of the opinion that the imported pearls bear a closer resemblance to strung pearls than to pearls in their natural state. That this ruling may result in hardship is a contention which should be addressed not to the judicial but to the legislative branch of the government. The decision of the board is affirmed.