### UNITED STATES v. FLEITMANN & CO.

(Circuit Court, S. D. New York. June 1, 1904.)

#### No. 3,376.

1. CUSTOMS DUTIES—SUFFICIENCY OF PROTEST—STATEMENT OF OBJECTIONS.

Certain importers protested against the payment of duty on silk goods that had been classified under a paragraph of the tariff act relating to silk trimmings and similar goods; alleging in their protest that the articles should have been classified at the rate of 50 per cent. ad valorem, under another paragraph, which provides that rate for silk bandings, cords, etc. It appeared that neither the paragraph under which the assessment was made, nor that cited by the importers in their protest, was applicable to the merchandise, but that it should have been classified under a third paragraph, relating to manufactures of silk not specially provided for, prescribing the same rate of duty as the paragraph cited in the protest. *Held*, that the protest should be sustained, as satisfying the requirement of section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], that an importer shall, in making a protest, set "forth therein distinctly and specifically * * * the reasons for his objections."

Application for review of a decision of the Board of General Appraisers reversing the assessment of duty by the collector of customs at the port of New York on merchandise imported by Fleitmann & Co.

The only question that the board passed on was whether the protest which the importers had filed with the collector of customs satisfied the requirements of section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], where it is prescribed that an importer shall, in making a protest, set forth therein "distinctly and specifically * * * the reasons for his objections." Note United States v. Bayersdorfer (C. C. A.) 126 Fed. 732, and United States v. Knowles (C. C. A.) 126 Fed. 737. It appeared that the merchandise had been improperly classified under paragraph 390, Tariff Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670], relating to silk trimmings and similar merchandise, and that it was correctly classifiable under paragraph 391, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670], at the rate of 50 per cent. ad valorem. The claim of the importers, however, was that "said goods are dutiable only at the rate of 50 per cent. ad valorem, under paragraph 389 of the Tariff Act of 1897." Said paragraph 389 (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]) relates to silk bandings, bone casings, etc., while paragraph 390, under which classification should have been made, relates to manufactures of silk not specially provided for.

Henry A. Wise, Asst. U. S. Atty.

Benjamin Barker, Jr., for importers.

TOWNSEND, Circuit Judge. The decision of the Board of Appraisers is affirmed on the authority of U. S. v. Shea, Smith & Co., 114 Fed. 39, 51 C. C. A. 664; U. S. v. Salambier, 170 U. S. 621, 18 Sup. Ct. 771, 42 L. Ed. 1167; and Allen v. U. S. (C. C.) 127 Fed. 777.