## UNITED STATES v. DEARBERG BROS.

(Circuit Court, S. D. New York. November 11, 1904.)

### No. 3,527.

CUSTOMS DUTIES—PROTEST—SUFFICIENCY—REFERENCE TO SIMILITUDE CLAUSE.
Where imported merchandise is subject to the provisions of the so-called similitude clause in Tariff Act Aug. 27, 1894, c. 349, § 4, 28 Stat. 547, prescribing that any article not enumerated in the tariff shall pay the rate of duty applicable to the numerated article which it most resembles, *held*, that an importer, in protesting against an erroneous assessment of duty on such merchandise, need not refer in his protest directly to said provisions. If he cites the provision enumerating the article which his merchandise resembles, it is a sufficient compliance with Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], requiring that protests shall set forth "distinctly and specifically" the grounds of the importer's objections.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question reversed the assessment of duty by the collector of customs at the port of New York on goods imported by Dearberg Bros., consisting of horsehair braids, erroneously classified as wool braids. Horsehair braids, being nowhere enumerated in the tariff act of August 27, 1894, c. 349, 28 Stat. 509, under which they were imported, became subject to the application of the so-called "similitude clause" found in section 4 of said act (28 Stat. 547), reading in part as follows: "Sec. 4. That each and every imported article, not enumerated in this act, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned." By virtue of this provision the braids in controversy should have been assessed with duty at the rate (45 per cent. ad valorem) applicable to braids of silk, or of cotton, or other vegetable fiber, which are articles enumerated, respectively, in paragraphs 300 and 263 of said act, Schedules L and I, § 1, c. 349, 28 Stat. 529, 532. The importers, in their protests, contended that the goods should have been classified under said paragraphs, but made no reference to said section 7 as authorizing such classification. The Board of General Appraisers held that the importers' protests were sufficiently specific, and that under the decision of the Circuit Court of Appeals for the Third Circuit in Re Guggenheim Smelting & Refining Company, 112 Fed. 517, 50 C. C. A. 374, and Re Balbach Smelting & Refining Company, G. A. 5,171, T. D. 23,852, it was not necessary to make such reference. The protests were accordingly sustained. The government appealed from this ruling on the ground that the protests were insufficient in that they failed to meet the requirements of section 14, Customs Administrative Act June 10, 1890, c. 407,

26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], wherein it is required that protests shall set forth "distinctly and specifically" the importer's objections to the assessment of duty.

Charles D. Baker, for appellant.
Comstock & Washburn, for appellees.

HAZEL, District Judge. The decision of the Board of General Appraisers holding the protest filed by the importers as sufficient is affirmed. This conclusion finds support in a recent decision of the Circuit Court of Appeals for the Third Circuit in Re Guggenheim Smelting Co., 112 Fed. 517, 50 C. C. A. 374. It was stated at the hearing that the Guggenheim Case was in conflict with a decision of the Circuit Court of Appeals for this circuit in Hahn v. Erhardt, 78 Fed. 620, 24 C. C. A. 265, where it was broadly held that an importer who intends to object to the action of the collector on the ground that due effect has not been given to the similitude clause of the tariff act is obliged by statute to specifically and distinctly state such objection in his protest. From the protest submitted by the importers it appears that they intended to rely upon other provisions of the tariff act for reduction of the duty assessed by the collector, but in the judgment of the Board of General Appraisers, by reason of a prior decision rendered by this court (Donat v. United States, 134 Fed. 1023), the merchandise in question is similar to silk braids or cotton braids, and accordingly is dutiable under the similitude provision of the act. The facts here would seem to be precisely like those in the Guggenheim Case. In United States v. Salambier, 170 U. S. 621, 18 Sup. Ct. 771, 42 L. Ed. 1167, it was held that a protest need not be made with technical precision, and that the statute is sufficiently complied with if the collector is advised of the importer's objection in order to secure "to the government the practical advantages which the statute was designed to secure." The Circuit Court of Appeals for this Circuit in Shaw v. The United States, 122 Fed. 443, 58 C. C. A. 425, held that a protest claiming free entry under a certain paragraph was sufficient to advise the collector that a claim for exemption from duty was in fact asserted under another paragraph. True, the court found in that case that there was a mistake in the protest, but the nub of the decision indicates a liberal construction of the provisions of the statute, and therefore does not require the importer to make his protest with exactitude and absolute precision. See United States v. Fleitmann & Co., 131 Fed. 396. Such being the holding of the cases, the Board of General Appraisers correctly decided that the protests were sufficient.

An order of affirmance may be entered.