## UNITED STATES v. BENEDICT & WARNER.

(Circuit Court of Appeals, Second Circuit. January 18, 1906.)

### No. 56.

CUSTOMS DUTIES — CLASSIFICATION — ROCK-CRYSTAL INTAGLIOS — PRECIOUS STONES.

Rock-crystal intaglios, produced in an expensive manner by engraving, and then painted, are within the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 435, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], for "precious stones advanced in condition or value * * * by * * * cutting or other process," regardless of their advancement in value by painting.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from a judgment of the Circuit Court of the United States for the Southern District of New York (135 Fed. 242), reversing a decision of the Board of United States General Appraisers (G. A. 5,402, T. D. 24,614), which sustained the action of the collector.

Charles Duane Baker, Asst. U. S. Atty.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for the importers.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. This merchandise, as found by the Board, consists of certain unset painted intaglios. They are of semispherical rock crystal, polished, the flat surfaces of which have been engraved in designs of animal heads. The intaglio cuttings are painted in living colors. After being mounted, they are used in the nature of ornaments, such as scarf pins, brooches, etc. Duty was assessed

at the rate of 50 per cent. ad valorem thereon as "manufactures of * * * rock crystal * * * not specially provided for," under the provisions of paragraph 115 of the tariff act of July 24, 1897, (chapter 11, § 1, Schedule B, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]). The importers protested, insiting that the intaglios were dutiable at 10 per cent. ad valorem as "precious stones, advanced in condition or value from their natural state by * * * cutting or other process, and not set," under the provisions of paragraph 435, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676].

It appears from the testimony and the return of the assistant appraiser that while the natural rock crystal itself is not particularly expensive, these completed intaglios unset cost as high as $13 to $15 each, and that this cost is due to the fact that the ornamentation is done with an engraving tool in an expensive manner. They are used for jewelry purposes only. That rock crystals are commercially known as precious stones appears from the decision of this court in Hahn v. United States, 100 Fed. 635, 40 C. C. A. 622. The fact that these unset precious stones have been advanced in value by "being cut and ornamented with various designs in an expensive manner" brings them specifically within the provisions of paragraph 435, regardless of the subsequent advancement in value by painting. They, therefore, were not dutiable as manufactures of rock crystal not specifically provided for under the act.

The decision of the court below is affirmed.