## SMITH v. COMPUTING SCALE CO.

(Circuit Court, S. D. Ohio, W. D. March 2, 1906.)

### No. 5,968 (1,684).

1. CUSTOMS DUTIES—CLASSIFICATION—PRECIOUS STONES—SCALE BEARINGS—"SET."

In construing the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 435, 30 Stat. 102 [U. S. Comp. St. 1901, p. 1676], for "diamonds and other precious stones advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, and not set," *held*, that "set" has a well-known and well-defined trade meaning in connection with precious stones, which would not include the insertion of an agate bearing in a scale, and that the paragraph was intended to cover only precious stones intended for jewelry purposes, and would not cover such as are fitted for use as bearings.

[Ed. Note.—Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. United States, 18 C. C. A. 545.]

2. SAME—AGATE BEARINGS—MANUFACTURES OF AGATE.

Small pieces of agate, fitted for use as scale bearings by being cut, polished, and grooved, are dutiable as manufactures of agate, under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 115, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636], and not as "precious stones," under paragraph 435, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676].

On Application for Review of a Decision of the Board of United States General Appraisers.

These proceedings were brought in the name of Amor Smith, Jr., surveyor of customs at the port of Cincinnati, and relate to a decision of the Board of General Appraisers which sustained a protest by the importers against the surveyor's assessment of duty, on the authority of U. S. v. American Express Co. (C. C.) 147 Fed. 894.

Note In re John Hope & Sons Engraving & Manufacturing Company (C. C.) 100 Fed. 286.

Sherman T. McPherson, U. S. Atty.

THOMPSON, District Judge. This is an application for a review of a decision of the United States Board of General Appraisers at New York as to the construction of the law fixing the rate or per cent. of duties imposed upon certain merchandise imported by the Computing Scale Company of Dayton, Ohio. The merchandise consists of small pieces of agate, differing slightly in dimensions, which have been cut, polished, and grooved, thus fitting them for specific use as bearings for scales of superior quality. The collector of customs at the port of Cincinnati decided that these articles were dutiable at the rate of 50 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 115, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636], as "manufacturers of agate * * * not specially

provided for." Protests were entered against this decision by the importer, which were duly submitted to the United States Board of General Appraisers at New York, and that board overruled the decision of the collector, and held that said articles were dutiable at 10 per cent. ad valorem as precious stones, cut but not set, under paragraph 435, Schedule N, Act July 24, 1897, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], which provides as follows:

"Diamonds and other precious stones advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, and not set, ten per centum ad valorem."

Manifestly these provisions relate to precious stones prepared to be set in articles of jewelry. The word "set," when used in this connection, is defined by the Century Dictionary as follows:

"To frame or mount, as a precious stone, in gold, silver, or other metal; as, to set a diamond."

And the expert witness Mindil testifies that the word "set" has a well-known and well-defined meaning in the trade, in connection with precious stones, and that the insertion of one of the agates in question in a computing scale would not come within the meaning of the word "set" as understood by the trade. These articles were not "precious stones advanced in condition or value from their natural state," to be "set" in some piece of jewelry for personal adornment, but were manufactures of agate to be used as scale bearings. Under former acts, manufactures of agate were subjected to duties under either the similitude or nonenumerated clauses, and much litigation ensued in determining to which class they should be assigned; and paragraph 115 of the act of 1897 probably was intended to meet the difficulties presented by these litigations. See Erhardt v. Hahn, 55 Fed. 273, 5 C. C. A. 99; Hahn v. U. S., 100 Fed. 635, 40 C. C. A. 622; Hahn v. U. S. (C. C.) 121 Fed. 152.

The ruling of the United States Board of General Appraisers at New York will be reversed, and the decision of the collector is hereby sustained.