UNITED STATES v. ALBERT LORSCH & CO.

(Circuit Court, S. D. New York. January 8, 1907.)

No. 3,774.

CUSTOMS DUTIES—CLASSIFICATION—AGATE BEARINGS—PRECIOUS STONES.

The provision for precious stones cut, but not set, in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 435, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], is not limited to stones used otherwise than for industrial purposes; and cut pieces of agate used as scale bearings are dutiable under said provision rather than as manufactures of agate under Schedule B, par. 115, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,875 (T. D. 25,865), which reversed the assessment of duty by the collector of customs at the port of New York, on the authority of U. S. v. American Express Co. (C. C.), 147 Fed. 894. Note Smith v. Computing Scale Co. (C. C.) 147 Fed. 890.

J. Osgood Nichols, Asst. U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

HAZEL, District Judge. Small pieces of agate, concededly a precious stone, sawed, cut, and polished, useful for jewelers' and assayers' scales, are here involved. An assessment of duty by the collector at 50 per centum ad valorem under paragraph 115 of the present tariff act (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 159 [U. S. Comp St. 1901, p. 1636]), for manufactures of agate not specially provided for, was not sustained by the Board of General Appraisers; the latter being of the opinion that under the ruling in the case of Hahn v. United States, 100 Fed. 635, 40 C. C. A. 622, paragraph 435, which provides for precious stones cut, but not set, was more specific, and accordingly directed an assessment of duty at the rate of 10 per centum ad valorem. The proofs show that the article in question, when imported, has been suitably cut, polished, and prepared for mounting in the frame of the scales. The scales are of superior quality, and the mounting of the agate bearing in the metal groove is accomplished according to some of the witnesses without difficulty, and requires no skill in its adjustment. The lapidary, one Fox, called by the importers, however, swore that the agate bearings are set in the frame similarly to the setting of certain stones in a ring; this being necessary to insure absolute accuracy of the scales. Notwithstanding this apparent conflict of testimony regarding the setting of the bearings, I am satisfied by the record that the agate bearings were cut, polished, and prepared for use, and were completed, salable articles. That they had regard to industrial utility rather than beauty, as manifested in the display of precious stones, is not thought important.

The case of Benedict & Warner v. United States (C. C. A.) 145 Fed. 914, is thought in point. In that case the article consisted of rock crystal, a precious stone which was advanced in value by painting. I quote:

"The fact that these unset precious stones have been advanced in value by being cut and ornamented with various designs in an expensive manner brings them specifically within the provisions of paragraph 435, regardless of the subsequent advance in value by painting. They are therefore not dutiable as manufactures of rock crystal not specially provided for under the act."

The decision of the Board of General Appraisers, holding that paragraph 435 for precious stones is more specific than the provision of paragraph 115, is approved.