LEGG v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 5, 1908.)

No. 224 (4,648).

1. CUSTOMS DUTIES — CLASSIFICATION — FEATHER BOAS—"FEATHERS * * * DRESSED."

Feather boas, made by stringing dressed feathers upon a cord, are subject to the classification of "feathers * * * dressed," etc., under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675), by virtue of section 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), prescribing that unenumerated articles "shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material of chief value."

2. SAME—PROTEST AGAINST ASSESSMENT—BURDEN OF IMPORTER.

Where an importer challenges by legal proceedings the correctness of the assessment of duty by a collector of customs, the question to be decided is not whether the collector was wrong, but whether the importer is right; the burden being on him to establish the correctness of his contention.

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal by the importer from a decision of the Circuit Court (154 Fed. 858), affirming a decision of the Board of General Appraisers (G. A. 6,467; T. D. 27,673), which sustained the action of the collector in assessing a duty of 50 per cent. ad valorem upon feather

boas, under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675), and section 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693).

Kammerlohr & Duffy (John G. Duffy, of counsel), for importer.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The feather boas in question are non-enumerated articles, and are correctly described by the Board as follows:

"The boas in question are made up and ready for use as articles of wearing apparel, and therefore have passed beyond the stage of feathers 'dressed, colored or otherwise advanced or manufactured in any manner.' The evidence is that they are made by stringing feathers upon a cord, and that the value of the cord used is insignificant as compared with the value of the feathers."

The collector classified the boas under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 425, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675), and section 7 of the act 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693). Paragraph 425 provides, so far as applicable to the present controversy, as follows:

"Feathers * * * dressed, colored, or otherwise advanced or manufactured in any manner, * * * fifty per centum ad valorem."

The applicable provisions of section 7 are:

"That each and every imported article, not enumerated in this act, which is similar, either in material, quality, texture or the use to which it may be applied, to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which it levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * * and on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value."

The importer insists that the boas are dutiable, under section 6 of the same act, which provides for a duty of 20 per centum ad valorem on all non-enumerated manufactured articles.

The question for us is not whether the collector was wrong, but whether the importer was right, for upon him lies the burden of establishing the proposition that the boas in question are neither enumerated nor provided for in the act except in the "catch all" clause. If they be provided for, either directly or by similitude, the importer must fail. Arthur v. Fox, 108 U. S. 128, 2 Sup. Ct. 371, 27 L. Ed. 675; Hahn v. U. S., 100 Fed. 635, 40 C. C. A. 622.

There can be no doubt that the boas are non-enumerated, that they are manufactured of feathers and cord, feathers being chief value, and that the feathers have been dressed or manufactured and advanced from their crude state. The Board and the Circuit Court have united in holding that the provision of the similitude section, quoted above, is applicable for the reasons that the component material of chief value, and, in fact, of overwhelming value, is the feathers, the cord being used simply to hold the feathers together. It would seem from the testimony of the importer that though these boas have been coming

to this country for 10 or 12 years the classification has not before been contested. The counsel for the importer in an able and ingenious argument has pointed out many alleged inconsistencies which he thinks will follow if the construction relied on by the government is pushed to its logical conclusion.

It seems to us, however, that so far as the facts now before us are concerned the Board has properly applied the language of section 7. The appellant has, in fact, imported dressed feathers strung on a cord. It is true that in tariff nomenclature they are converted by this process into articles of wearing apparel but their value is substantially the same, and if the identical feathers were unstrung and imported in that condition they would concededly pay a duty of 50 per centum ad valorem. If the importer's interpretation of the law be correct, the addition of the cord and of the labor necessary in stringing the feathers thereon enables them to escape with a duty of but 20 per centum. In other words, if the appellant should import two boxes, one containing a quantity of dressed feathers and the other the same quantity strung on a cord, the former would pay 50 and the latter 20 per centum.

We think that the Board and the Circuit Court were correct in holding that the merchandise in question should be assessed at 50 per centum, that being the rate of duty upon the component material of chief value.

The decision of the Circuit Court is affirmed.