### RICH v. UNITED STATES.

(Circuit Court, S. D. New York. May 17, 1909.)

No. 5,243.

**1.** Customs Duties (§ 44*)—Classification—Concentrated Fruit Juice.

Concentrated fruit juice is dutiable by similitude at the rate provided for fruit juice in Tariff Act July 24, 1897, c. 11, § 1, Schedule H, par. 299, 30 Stat. 174 (U. S. Comp. St. 1901, p. 1655).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 148; Dec. Dig. § 44.*]

**2.** Customs Duties (§ 44*) — Similitude — Substantial Resemblance — Inequality in Rates.

Where an unenumerated article resembles an enumerated one, in any of the respects named in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), it cannot be removed from the opera-

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion of that provision, even though great inequality in tariff treatment results, as where a very valuable article is subjected to the same specific duty that is prescribed for a far cheaper article.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 148; Dec. Dig. § 44.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

Comstock & Washburn (Albert H. Washburn, of counsel), for importer.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The merchandise in question, described on the invoices as raspberry, strawberry, and pineapple "pure fruit juice free from alcohol," was assessed for duty by the collector of customs under section 6, tariff act of 1897 (Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), at 20 per cent. ad valorem, as an unenumerated manufactured article. The importer claims that it is dutiable, either directly or by similitude, as fruit juice at 60 cents per gallon, under paragraph 299 of said act (Schedule H, 30 Stat. 174 [U. S. Comp. St. 1901, p. 1655]). Alternative claims were also set forth in the protests, but were not pressed upon the argument. The General Appraiser, in his decision, says:

"The article here involved, the evidence shows, is produced by subjecting fruit juice to a process of evaporation and pasteurization, which extracts the water and results in a preparation of greatly increased strength; the evidence showing that 1 gallon of the imported product is as strong as 20 gallons of the juice from which it is derived. It also appears from the testimony that the value of a gallon of the ordinary raspberry or strawberry juice is worth from $1 to $5, while 1 gallon of the concentrated juice is worth $30."

I do not hold that the merchandise in question is dutiable directly under paragraph 299. It is sufficient to inquire whether the court is not bound to place it under that provision by virtue of the similitude clause. In Hahn v. United States, 100 Fed. 635, 40 C. C. A. 622, it was held that:

"A nonenumerated article is to be classified for duty under the similitude clause of a tariff act, where the required similitude exists, rather than under the general residuary clause."

While the evidence in this case may not show sufficiently the elements of similitude in material or quality, it does in fact unmistakably show similitude in use. In fact, it appears that the use of this product is identical with that which the government concedes to be the fruit juice of paragraph 299.

It is not necessary that the resemblance in all the statutory particulars, material, quality, texture, and use shall be established. It is sufficient merely that the similitude shall be a substantial one, "importing not merely adaptability to sale as a substitute, but referring rather to the employment of the article or its effect in producing results." Weilbacher v. Merritt (C. C.) 37 Fed. 85; Sykes v. Magone (C. C.) 38 Fed. 494. In my opinion, such a substantial resemblance exists in this case.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Counsel for the government insists that, if the similitude provision is to be applied, then paragraph 21 (Schedule A, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628]), providing for "fruit ethers, oils, or essences, two dollars per pound," should be considered in that connection. The case was apparently tried before the Board without any reference to this provision. The evidence does not disclose what "fruit ethers, oils, or essences" are. There is nothing in the record to justify the court in applying this provision to the merchandise in question.

Counsel for the government also calls attention to the inconsistency of permitting a highly concentrated and valuable article like that in the present case entry at only 60 cents per gallon, while fruit juice of only one-thirtieth to one-sixth in value of the former must also pay the same rate of duty. This inequality of treatment under the tariff is unfortunate, and the court would, if in its power, seek to remedy it. That is a question, however, for the Legislature, and not for the court.

The decision of the Board of General Appraisers is reversed.