UNITED STATES *v.* M. RICE & COMPANY ET AL.

CERTIORARI TO THE UNITED STATES COURT OF CUSTOMS APPEALS.

No. 114. Argued January 26, 1922.—Decided February 27, 1922.

In an importer's protest, under par. N of the Tariff Act of 1913, against a collector's decision on classification of goods, it is not necessary to set up the similitude clause (par. 386), which merely prescribes a rule of construction applicable to every paragraph of the tariff imposing duty on specifically described articles. P. 538.

10 Cust. App. 165, affirmed.

CERTIORARI to review a judgment of the Court of Customs Appeals which, reversing a judgment order of the Board of General Appraisers (unpublished abstract No. 43,391; 37 T. D. 355; Brown, G. A., dissenting), sustained the respondents' claim.

*Mr. Assistant Attorney General Hoppin,* with whom *Mr. Solicitor General Beck* and *Mr. Samuel Isenschmid* were on the brief, for the United States.

*Mr. J. Stuart Tompkins* for respondents.

MR. CHIEF JUSTICE TAFT delivered the opinion of the court.

This case involves the sufficiency of a protest necessary to justify a suit against the United States for duties illegally exacted. The Board of General Appraisers found the protest defective and refused relief. The Court of Customs Appeals on appeal reversed this action and gave judgment for the importer. 10 Cust. App. 165. The case comes here by certiorari under § 195 of the Judicial Code, as amended August 22, 1914, c. 267, 38 Stat. 703.

The subject of importation was immortelles. They were entered April 3, 1916, at the port of Philadelphia, and the duty was liquidated June 8, 1916. The Collector levied duty on them at 60 per cent. *ad valorem* under paragraph 347 of the Tariff Act of October 3, 1913, c. 16, 38 Stat. 114, 148. The protest of the importer of July 7, 1916, set forth that the immortelles were dutiable "at the rate of 25% *ad valorem* under the first clause of paragraph 210 as palms or cut flowers, preserved or fresh." 38 Stat. 114, 133.

The question as to the proper classification of the immortelles was settled by a decision of the Court of Customs Appeals in *Bayersdorfer* v. *United States,* 7 Cust. App. 66, and the legal duty is conceded to be 25 per cent. *ad valorem* by resemblance to the articles named in paragraph 210. The sole question here is whether under the form of protest presented the importer could rely upon the similitude clause (paragraph 386) of the statute and claim that the immortelles were taxable at the rate fixed

in paragraph 210, because of their resemblance to articles therein described.

Paragraph N of the Tariff Act of 1913, 38 Stat. 114, 187, provides:

"That the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise . . . shall be final and conclusive against all persons interested therein, unless the owner, importer, consignee, or agent of such merchandise . . . shall, within thirty days after but not before such ascertainment and liquidation of duties, . . . if dissatisfied with such decision imposing a higher rate of duty, . . . file a protest or protests in writing with the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reasons for his objections thereto. . . ."

The relevant part of paragraph 386 of the same act provides:

"That each and every imported article, not enumerated in this section, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this section as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned. . . ."

The point here raised has long been in dispute. In *Hahn* v. *Erhardt,* 78 Fed. 620 (1897), the Circuit Court of Appeals of the Second Circuit held that mention in the protest of the paragraph fixing the duty on specifically described articles, without more, would not give the collector reason to suppose that the importer claimed the importation came under such paragraph by virtue of the similitude clause, and therefore was defective. In *In re Guggenheim Smelting Co.,* 112 Fed. 517 (1901), the Circuit Court of Appeals held a protest sufficient to justify recovery which claimed classification under a

named paragraph, although the article imported could only be so classified by virtue of the similitude clause. In *United States* v. *Dearberg Bros.*, 135 Fed. 245, the same point arose in the Circuit Court, S. D. New York, and the Board of General Appraisers was sustained in holding the protest sufficient under the authority of the *Guggenheim Case.* This was reversed ' by the Circuit Court of Appeals, 143 Fed. 472 (1905), without opinion, on the authority of the *Hahn Case.* Thereafter the Board of General Appraisers, in this and other cases, has by a majority vote followed the *Hahn Case.* In the case of *United States* v. *Snellenburg & Co.*, 9 Cust. App. 59, the Court of Customs Appeals held a protest sufficient which mentioned a special paragraph without more, although the article imported could only be brought under the paragraph by virtue of a similitude paragraph. The Court of Customs Appeals, in the judgment here under review, followed the *Snellenburg Case* and sustained the protest, one member of the court dissenting. It is because of this somewhat exceptional contrariety of opinion existing among General Appraisers, Circuit Courts of Appeals and Judges of the Court of Customs Appeals, that this court has granted a certiorari herein.

The protest and similitude clauses have appeared in all tariff acts since 1842 in substantially the same form as in paragraph N and paragraph 386 of the Tariff Act of 1913, so that the authorities construing other tariff acts have application to the present question.

A protest must be distinct and specific enough to show that the objection taken at the hearing or trial was at the time of filing the protest in the mind of the importer and sufficient to notify the collector of its true nature and character to the end that he might then ascertain the precise facts and have adequate opportunity to correct mistakes and cure defects. *Heinze* v. *Arthur's Executors,* 144 U. S. 28, 34; *Schell's Executors* v. *Fauché,* 138 U. S.

562; *Arthur* v. *Morgan*, 112 U. S. 495, 501; *Arthur* v. *Dodge*, 101 U. S. 34, 37; *Greely's Administrator* v. *Burgess*, 18 How. 413, 416. But no special form is required. "A protest which indicates to an intelligent man the ground of the importer's objection to the duty levied upon the articles should not be discarded because of the brevity with which the objection is stated." *Schell's Executors* v. *Fauché, supra*. "We are not, therefore, disposed to exact any nice precision, nor to apply any strict rule of construction upon the notices required under this statute. It is sufficient if the importer indicates distinctly and definitely the source of his complaint, and his design to make it the foundation for a claim against the government." *Greely's Administrator* v. *Burgess, supra*.

Does a claim in a protest under a particular paragraph, with no more, adequately indicate to the collector that the importer intends to claim the article imported may come under the specified paragraph either directly, or by resemblance to articles therein described?

In *Arthur* v. *Fox*, 108 U. S. 125, this court said:

" If an article is found not enumerated in the tariff laws, then the first inquiry is whether it ' bears a similitude, either in material, quality, texture, or use to which it may be applied, to any article enumerated . . . as chargeable as with duty.' If it does, and the similitude is substantial, then, in the language of the court in *Stuart* v. *Maxwell* [16 How. 150] ' it is to be deemed the same, and to be charged accordingly.' In other words, although not specifically enumerated, it is provided for under the name of the article it most resembles."

The part of paragraph 386 under consideration prescribes a rule of construction applicable to every paragraph of the tariff, imposing duty on specifically described articles. It is a general provision intended to enlarge the scope of each paragraph to include articles not specifically described but resembling articles specified. The collector

must be taken to be familiar with the general provisions of the tariff act. When an importer specifies in his protest a paragraph under which he claims his importation should be classified, the collector should enquire not only whether the article comes within the paragraph named, but also whether it so resembles the articles specifically described therein as to require it to be classified thereunder. After satisfying himself that the article does not come within the specific description of the named paragraph, its resemblance to articles which do should be his " first inquiry."

The quoted words of paragraph 386 mention no specific rate. Any reference to them in a protest would be meaningless unless accompanied by mention of some taxing paragraph. It is the latter which taxes the article under the general rule of interpretation which these words furnish.

It is said thereby that resemblance is a question of fact, but it is one not very different from that involved in the classification of articles within the specific description of the paragraph. The object of the protest is to put the collector on inquiry not alone as to the law but also as to the facts which make the law applicable. The reasoning of the Court of Customs Appeals meets our approval and the judgment is

*Affirmed.*