## WILLIAM F. ALLEN & CO. v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. February 11, 1904.)

### No. 43.

1. CUSTOMS DUTIES—APPEALS FROM BOARD OF GENERAL APPRAISERS—ADDITIONAL EVIDENCE.

Where importers appeared before the Board of General Appraisers and submitted their protests, without introducing any evidence in support of their allegations, *held* that, on appeal to the Circuit Court, they will not be allowed to introduce any evidence under section 15, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933].

Application by William F. Allen & Company, importers, to review a decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of Philadelphia. Motion to take further testimony. Note Hamano v. United States, de-

cided January 6, 1903, by the District Court, territory of Hawaii, reported in Treasury Decisions, No. 24,946; Goat & Sheepskin Import Company v. U. S. (C. C.) 113 Fed. 1022; and In re Myers (C. C.) 123 Fed. 952.

J. S. Tompkins, for importers.

James B. Holland, U. S. Atty., and Wm. M. Stewart, Jr., Asst. U. S. Atty.

J. B. McPHERSON, District Judge. This is a motion to permit further evidence to be taken under section 15 of the act of June 10, 1890, c. 407, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933]. The collector classified the merchandise as tow of flax, while the importers contended that it was flax waste. The ruling of the Board of General Appraisers is as follows:

"This merchandise was returned for duty at the rate of $20 per ton under the provisions of paragraph 326 of the tariff act of July 24, 1897 [chapter 11, § 1, Schedule J, 30 Stat. 180 (U. S. Comp. St. 1901, p. 1661)]. The importers claim the merchandise to be dutiable under the provisions of paragraph 463 of said act [Schedule N, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1679)] at the rate of 10 per centum ad valorem.

"Upon the hearing of the cases before the board, the protests were submitted for decision upon the ruling of the board in G. A. 5,017 (T. D. 23,347). No samples of the merchandise accompany the record. There is nothing in the record to identify the goods with the merchandise, the subject of said decision, or in any way to warrant the finding on the part of the board that the goods are identical in character. In default of the importers proving their case, the presumption of correctness attending the official return prevails.

"The protests are overruled, and the decision of the collector affirmed in each case."

Upon these facts, the case falls directly within the ruling of United States v. China & Japan Trading Co., 71 Fed. 864, 18 C. C. A. 335. In that case, the circuit court of appeals for the second circuit said:

"Notwithstanding these articles were improperly classified by the collector, the Board of Appraisers was entirely justified in affirming his decision. It appears from the record that the board affirmed the collector because the importer failed to appear, pursuant to its notification, to show cause why the action of the collector should not be affirmed. The whole scheme of the custom administrative act would be defeated if the importer who complains of the action of the collector can obtain a review of that action by the Circuit Court without first resorting to the Board of General Appraisers and obtaining its decision upon the facts and the law of the case."

See, also, Donat v. United States (C. C.) 124 Fed. 463. In reply to these decisions, it is argued that the importers' failure to produce samples of the shipment in question was due to the fact that the collector did not request or require them to furnish such samples; and it is contended that this was his duty under article 1471 of the customs regulations of 1899, which provides as follows:

"Collectors should require importers filing protests involving questions of fact to supply within a short period, say five days after filing protests, samples of the merchandise covered thereby. The samples should be verified by the officer who is immediately responsible for the classification against which the protests are filed, and be transmitted to the board at the same time as the protests to which they belong."

What the fact may be in this respect, I do not know, for there is nothing on the subject upon the record, and there is no agreement of counsel about it. In this situation, I cannot even consider the argument, for it is unnecessary to say that I cannot act upon ex parte oral statements at bar in a contested matter.

The decree of the board must be affirmed.