H. MENDELSON & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 26, 1906.)

No. 3,359.

CUSTOMS DUTIES—APPEAL FROM BOARD OF GENERAL APPRAISERS—FURTHER EVIDENCE IN CIRCUIT COURT.

*Held* that, under section 15, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933], providing that on appeal from the Board of United States General Appraisers the Circuit Court "may" refer the case for further evidence "in such order and under such rules as the court may prescribe," importers taking an appeal should not be permitted to introduce such further evidence in a case in which, while other essential evidence had been obtainable, they had given no evidence before the board, other than to file an affidavit and produce samples of the goods involved.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question relates to merchandise imported at the port of New York, which was the subject of several protests by the importers against the assessment of duty by the collector of customs at that port. The Board gave the importers due notice of the hearing, at which they appeared and filed samples and affidavits. This evidence was held by the Board to be insufficient to establish the importers' contention, and the protests were therefore overruled. The importers duly made application for review of this decision, and within 20 days after the Board had filed its return of the record obtained from the Circuit Court an ex parte order referring the matter to a general appraiser to take further evidence. The authority for this procedure is found in section 15, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 138 [U. S. Comp. St. 1901, p, 1933], the pertinent part of which reads as follows:

"Sec. 15. That if the owner, importer, consignee, or agent of any imported merchandise, or the collector, or the Secretary of the Treasury, shall be dissatisfied with the decision of the Board of General Appraisers, as provided for in section fourteen of this act, * * * they, or either of them, may, within thirty days next after such decision, and not afterwards, apply to the Circuit Court of the United States within the district within which the matter arises,

for a review of the questions of law and fact involved in such decision. * * * Thereupon the court shall order the Board of Appraisers to return to said Circuit Court the record, * * * and within twenty days after the aforesaid return is made the court may, upon the application of the * * * importer, * * * refer it to one of said general appraisers, as an officer of the court, to take and return to the court such further evidence as may be offered * * * within sixty days thereafter, in such order and under such rules as the court may prescribe."

The following are among the rules prescribed by the Circuit Court for the Southern District of New York under the foregoing authority:

"(2) No order for an additional or further return will be made, where it is made to appear that the protestant had reasonable notice to appear before said Board of General Appraisers and show cause why the decision of the collector should not be affirmed, and after such notice, without proper excuse, he failed to appear in person or by attorney, and he offered no evidence in support of his contentions as presented in his protest, and no such evidence is found in the record and papers in the case, and none was taken by the board."

"(11) On the examination of a witness before the general appraiser, if any interrogatory to the witness, or any part of his testimony, is objected to as improper or irrelevant, the general appraiser shall decide upon the objection. If he decides against the objection, he shall note the objection and his decision thereon, and proceed to take down the testimony; but if he decides that the objection is well taken, the testimony shall not be taken down unless it is insisted on by the party against whom the decision is made. If the taking down of the testimony in opposition to his decision is insisted on, such fact shall be noted, and the testimony shall be taken; and in that case the party making the objection may, at the hearing, move to have the objectionable testimony expunged."

At the hearing before the general appraiser under said order of the court, counsel for the government objected to the introduction of any testimony, on the ground that no legal evidence was produced before the Board of General Appraisers. This objection was sustained by the general appraiser, on the authority of the decision of the Circuit Court for the Eastern District of Pennsylvania in Allen v. U. S. (C. C.) 127 Fed. 777. Counsel for the importers excepted to this ruling, and insisted upon the introduction of the evidence under rule 11, above quoted. This being granted, the government excepted.

Walden & Webster (Howard T. Walden, of counsel), for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The articles in question consisted of Chinese silk goods, which were assessed for duty by the collector at $3 per pound, under paragraph 387 of the act of July 24, 1897, chapter 11, § 1, Schedule L, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1669]), as all silk goods in a piece "boiled off." Under the same paragraph the merchandise if "in the gum" may come into this country upon payment of duty at the rate of $2.50 per pound. An examination of the record discloses that the importers appealed to this court without first giving evidence before the board, except that they filed an affidavit and produced samples of the shipment. This is not a compliance with the provisions of the customs administrative act. United States v. China & Japan Trading Co., 71 Fed. 864, 18 C. C. A. 335; Allen v. United States (C. C.) 127 Fed. 777; Donat v. United States (C. C.) 124 Fed. 463. The government seasonably objected to taking testimony in this court; but, the importers insisting, the testimony was

taken under rule 11, applicable in this circuit to appeals from the Board of General Appraisers. Upon the authority of the cases cited, the preliminary motion of counsel for the government to expunge the evidence taken in this court is granted. The filing of an affidavit with the board, describing the process of manufacturing the imported article, is not thought to be sufficient to take this case out of the decisions to which attention is directed, where other essential evidence is obtainable. The decision of the Board of General Appraisers is affirmed.