UNITED STATES v. DEARBERG BROS.

(Circuit Court of Appeals, First Circuit.  December 22, 1905.)

No. 73 (3,527).

CUSTOMS DUTIES—PROTEST—SUFFICIENCY—REFERENCE TO SIMILITUDE CLAUSE.
Where an importer protests against the assessment of duty on the ground of an alleged application of the similitude clause of Tariff Act Aug. 27, 1894, c. 349, § 4, 28 Stat. 547, unless the protest contains reference to said provision, it is not sufficiently distinct and specific to meet the requirements of Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933].

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 135 Fed. 245, affirming a decision of the Board of United States General Appraisers, which had reversed the assessment of duty by the collector of customs at the port of New York.

The importers had contended that certain horsehair braids should have been assessed with duty at the rate applicable to silk braids, basing their contention on the similitude clause in Tariff Act Aug. 27, 1894, c. 349, § 4, 28 Stat. 547, which prescribes that imported articles not enumerated in the tariff shall be chargeable with duty at the rate provided by the act on the enumerated article which it most resembles; but they failed to refer to this provision in their protests. The Board, however, on the authority of one of its former decisions (G. A. 5,171 [T. D. 23,852]), held that it was not necessary to invoke the similitude clause, and that the protests, notwithstanding the omission, sufficiently answered the requirement in Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], that grounds of protests shall be stated "distinctly and specifically."

This conclusion was contrary to a prior decision of the Circuit Court of Appeals for the Second Circuit in Hahn v. Erhardt, 78 Fed. 620, 24 C. C. A. 265, in which it was held that: "In all cases in which the importer intends to rely upon the similitude clause for the purpose of identifying his merchandise with some enumerated article of the tariff, and means to place his objection to the action of the collector upon the ground that the collector has not given due effect to that provision, he should state the fact in his protest; and if he fails to do so his objection is not stated distinctly and specifically, within the meaning of the statute."

Since the decision in the Hahn Case, however, the Circuit Court of Appeals for the Third Circuit had held merchandise to be subject to the provisions of the similitude clause, as contended by the importers, though their protests had not referred to the clause. In re Guggenheim Smelting Company, 112 Fed. 517, 50 C. C. A. 374. The government had applied to the Supreme Court for a writ of certiorari, on the ground that the decision in this case was contrary to that in the Hahn Case, which application was denied. United States v. Guggenheim Smelting Co., 186 U. S. 485, 22 Sup. Ct. 942, 46 L. Ed. 1260. The Board construed this action of the Supreme Court as tantamount to a disapproval of the doctrine announced in the Hahn Case, and as supporting the decision in the Guggenheim Case.

The Circuit Court affirmed the decision of the Board on similar considerations.

Charles Duane Baker, Asst. U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for the importers.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM.  Order reversed.