UNITED STATES *v.* GERTZEN CO. (NO. 1847).[1]

MACHINE-MADE AXMINSTER RUGS.

Following the reasoning of Beuttell & Sons *v.* United States (8 Ct. Cust. Appls., 409; T. D. 37666), decided concurrently herewith, machine-made Axminster rugs are dutiable eo nomine under paragraph 300, tariff act of 1913.

United States Court of Customs Appeals, May 22, 1918.

APPEAL from Board of United States General Appraisers, Abstract 40719.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence* and *Thomas J. Doherty,* special attorneys, of counsel), for the United States.
*Comstock & Washburn* for appellees.

[Oral argument Apr. 19, 1918, by Mr. Lawrence and Mr. Washburn.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case is described by the appraiser as "Axminster rugs." They were returned for duty and were assessed under the eo nomine enumeration of Axminster rugs in paragraph 300, tariff act of 1913, at the rate of 50 per cent ad valorem.

[1] T. D. 37668 (34 Treas. Dec., 510).

The importers protested against the assessment, the following being a copy in full of the protest:

SIR: We hereby notify you that we are dissatisfied with the rate of duty fixed and liquidated by you on the following shipment imported by us in the S. S. *Samland* February 16, 1914, marked "R. D. No. 4065," imported February 16, entry No. 47177, invoice No. 2277, Paris, January 30, 1914, and liquidated June 5, 1914, at the rate of 50 per cent as Axminster rugs.

We claim that merchandise in question is dutiable at the rate of 35 per cent under paragraph 293.

The protest was submitted to the Board of General Appraisers. The board held that the goods in question were not Axminster rugs within the purview of paragraph 300, but that they were rugs made of portions of Axminster carpets or carpeting, and that they were properly dutiable according to paragraph 303 at the rate of duty imposed upon Axminster carpets and carpeting by paragraph 293, to wit, the rate of 35 per cent ad valorem. The board predicated this decision upon the case of Beuttell & Sons *r*. United States (7 Ct. Cust. Appls., 356; T. D. 36905). The protest was accordingly sustained, and the Government appeals.

The case accordingly calls into question the following three paragraphs of the tariff act of 1913:

293. Aubusson, Axminister, Moquette, and chenille carpets, figured or plain, and all carpets or carpeting of like character or description, 35 per centum ad valorem.

300. Carpets of every description, woven whole for rooms, and Oriental, Berlin, Aubusson, Axminster, and similar rugs, 50 per centum ad valorem.

303. Mats, rugs for floors, screens, covers, hassocks, bedsides, art squares, and other portionsof carpets or carpeting, composed wholly or in part of wool, and not specially provided for in this section, shall be subjected to the rate of duty herein imposed on carpets or carpeting of like character or description.

The facts and indeed the issue in the case seem to be fairly set out in the testimony of the witness Maurice E. O'Brien, the examiner who passed the merchandise, and who was called as a witness by the importers.

The questions and answers composing his testimony were as follows:

Q. (By Mr. DEUTSCH.) You know the merchandise?—A. Yes.

Q. You returned it at 50 per cent under paragraph 300?—A. I presume that is what I would return it at, by virtue of the proviso in paragraph 303—rugs for floors and so on.

Q. (By General Appraiser McCLELLAND.) In the condition in which this is imported, is it either carpet or carpeting?—A. No, sir.

Q. What is it?—A. An Axminster rug..

Q. (By General Appraiser BROWN.) Did you return this article, Exhibit 1?—A. Yes, sir.

Q. You passed it under paragraph 300?—A. Yes, sir.

Q. What did you mean a moment ago "by virtue of paragraph 303"?—A. Wilton rugs and velvet rugs and the like are returned under the carpet paragraphs by virtue of 303, but Axminster rugs are specially provided for under paragraph 300.

Q. (By Mr. DEUTSCH.) Wilton rugs, tapestry rugs, and chenille rugs you claim are carpet or carpeting?—A. Yes, sir.

Q. And this is carpet or carpeting?—A. I do not claim anything of the sort. I claim this is specially provided for in paragraph 300, while the others are not provided for under any paragragh except carpet and carpeting. That is the action of this office indorsed by the department.

Q. This paragraph says carpets of every description woven whole for rooms?—A. It also says Axminster rugs.

Q. (By General Appraiser BROWN.) Have you ever seen Axminster rugs that are not woven whole for rooms?—A. Yes.

Q. There is a dictionary definition that says they are made mostly for rooms. You think that dictionary definition is wrong?—A. No; we have Axminster rugs woven whole for rooms.

Q. Some dictionary defines this class of rugs, describing them as rugs woven whole for rooms. If that description is given of Axminster rugs, you say that would not be correct, there would also be Axminster rugs not woven wholly for rooms?—A. Yes, sir.

We understand from this testimony, and also from an inspection of the exhibit in the case, that the present merchandise is machine-made Axminster rugs, such as were referred to in the case of Beuttell & Sons v. United States, supra, and are again discussed in the case of Beuttell & Sons v. United States (8 Ct. Cust. Appls., 409; T. D. 37666), which case is decided concurrently herewith.

In accordance with the view expressed in the latter decision, machine-made Axminster rugs like those now upon appeal would be dutiable at the rate of 50 per cent ad valorem under the eo nomine provision for Axminster rugs in paragraph 300, tariff act of 1913 According to this view the present merchandise was correctly assessed by the collector, and the decision of the board sustaining the protest is reversed.

In view of this result it is unnecessary to pass upon the objection which the Government urges in regard to the sufficiency of the importers' protest.

*Reversed.*