UNITED STATES *v.* SNELLENBURG & CO. ET AL. (No. 1929).[1]

1. PLEADING—PROTEST, SUFFICIENCY OF.

Paragraph 303, tariff act of 1913, provides that rugs for floors not specially provided for shall be subjected to the rate of duty imposed upon carpets or carpeting of like character or description. A protest claiming classification for such merchandise under paragraph 294 as Wilton carpets is not rendered insufficient by the lack of a reference to paragraph 303. The collector is presumed to understand the provisions of the law, and the record shows that he was not misled.

2. EVIDENCE—JUDICIAL NOTICE—PRESUMPTION IN FAVOR OF COLLECTOR.

The court will not take judicial notice that a sample is Wilton rug, as claimed, and not a moquette carpet, as assessed, and, in the absence of testimony, must affirm the collector's classification.

3. CONSTRUCTION, PARAGRAPH 300, TARIFF ACT OF 1913—"CARPETS WOVEN WHOLE FOR ROOMS."

The provision in paragraph 300 for "carpets woven whole for rooms" does not include all rugs which are woven whole; nor can the question of whether or not a rug is classifiable under this provision be determined by the size of the rug. It refers to a carpet which has been specially woven for a particular room.

4. MACHINE-MADE WILTON RUGS.

Machine-made Wilton rugs are dutiable, by virtue of paragraph 303, tariff act of 1913, at the rate imposed by paragraph 294 upon Wilton carpets (Beuttell & Sons *v.* United States, 8 Ct. Cust. Appls., 409; T. D. 37666). They are not classifiable under paragraph 300 as "carpets woven whole for rooms."

## United States Court of Customs Appeals, February 25, 1919.

APPEAL from Board of United States General Appraisers, G. A. 8190 (T. D. 37726).

[Modified.]

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellees.

[Oral argument Jan. 9 and 10, 1919, by Mr. Lawrence and Mr. Washburn.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This appeal is taken on behalf of the Government from a decision by the Board of General Appraisers reported in G. A. 8190 (T. D. 37726).

The merchandise in question consists of Wilton and moquette rugs.

There are three several protests. Protest 770443 relates to merchandise covered by three invoices. Invoice A 15591 covers Wilton rugs represented by Exhibit 2 (27 by 54 inches in dimensions). Invoice B 15591, also included in the same protest, is described as "Carlton tapestry seamless squares." It also included invoice B 15644, rugs invoiced as moquette. The protest was overruled so far as it related to Carlton tapestry seamless squares, and that issue is not before us.

---

The Wilton rugs covered by invoice A were of dimensions varying from 6 by 3 feet to 4 feet 6 inches by 2 feet.

Protest 786218 also involved rugs invoiced as "Wilton carpet, fringed," of varying dimensions, being 8 feet 8 inches by 9 feet 11 inches, 3 feet by 5 feet 6 inches, and 11 feet 1 inch by 14 feet 10 inches.

All of these importations were assessed as "carpets woven whole for rooms," under paragraph 300 of the act of 1913.

The first protest, 770433, read as follows:

We hereby protest against your assessment and collection of duty at the rate of 50 per cent ad valorem on certain "Wilton carpets" and "carpets" invoiced as "moquette," imported by us as follows [stating the entries].

We claim that said carpets are, in fact, "Wilton carpets" and provided for at the rate of 30 per cent ad valorem under paragraph 294 or at 20 per cent ad valorem under paragraph 302 of the tariff act of October 3, 1913.

The protest in No. 683734 read as follows:

We hereby protest against being compelled to pay 40 per cent and 50 per cent duty on Wilton carpets and carpets entered by us for consumption 11/8/14, per *Nieu Amsterdam*, from Rotterdam, claiming that the said carpets in question should be assessed for duty at 30 per cent as Wilton carpets under paragraph 294, act of October 3, 1913.

The sufficiency of the protest was contested by the Government before the board, but the objection to the protest was overruled. The record discloses that the merchandise was assessed under the provisions of paragraph 300 as "carpets woven whole for rooms." The importers claim the goods were not so dutiable and should be assessed at 30 per cent under paragraph 294 as Wilton carpets.

The protest in 786218 was in all respects similar to that in 683734.

It will be noted that both the collector and the importers treated these goods as carpets. The question that is raised is that, inasmuch as the importers failed to refer to paragraph 303, which provides that rugs for floors not specially provided for shall be subjected to the rate of duty imposed upon carpets or carpetings of the like character or description, the importers should not be permitted to claim under this provision.

The sole effect of this provision is to direct that when rugs of the character described are found in an importation they shall be carried into paragraph 294 and subjected to the duty therein provided. They are rated as carpets. The collector is presumed to understand the provisions of the law, and that he was not misled by the reference in the protest to these goods as carpets is made manifest from the fact that he himself rated them as carpets "woven whole for rooms."

The question is quite similar to that involved in the case of the Michelin Tire Co. *v.* United States (6 Ct. Cust. Appls., 283; T. D. 35507), in which it was held in effect that where the basic rate was

pointed out, the collector would have no difficulty in applying the rate with any added percentage imposed by other terms of the law.

So, in the case of Arthur *v.* Morgan (112 U. S., 495), where the importation was of a carriage claimed in the protest to be personal effects used by the owner over a year before importation. The statute provided for free entry of such, also providing in another clause for household effects. The court held, first, that the carriage was a household effect; and, second, that although the protest claimed that the carriage was personal effects, and as such free, but did not claim that it was household effects, it was sufficient. The court said:

A protest is not required to be made with technical precision, but is sufficient if it shows fairly that the objection afterwards made at the trial was in the mind of the party and was brought to the knowledge of the collector, so as to secure to the Government the practical advantage which the statute was designed to secure. * * * This protest apprised the collector that the carriage was claimed to be free, under section 2505, as a carriage actually used abroad over a year. The "household effects" clause was in the mind of the party, and the collector could not fail to so understand. The protest was sufficient.

The case seems to be ample authority to sustain the ruling of the board in this case.

As before stated, invoice B, entry 15644, covered rugs invoiced as moquette. These were assessed for duty under paragraph 293 as moquette carpets. The protest referred to the assessment as having been at the rate of 50 per cent, but we do not need to decide whether this would be fatal to the protest. There is unfortunately a failure of proof. The protest claimed that the rugs were in fact Wilton, and should have been so assessed. The evidence fails to show a support for this claim. There is nothing to overcome the presumption of correctness of the collector's classification. A sample was produced, it is true, but we can not take judicial notice that this is not a sample of a moquette carpet.

The examiner at the port was called and testified that the goods named in the invoice would now be and should when entered have been returned for duty at 30 per cent. If Wilton carpets were the only ones bearing the rate of 30 per cent under the statute, the inference would be clear, but as various carpets, some mentioned in other paragraphs, bear that rate, we are compelled to hold that the importers failed to sustain the averment in their protest by any proof. The failure doubtless occurred through an oversight, but is nevertheless fatal.

The only remaining question presented is whether these rugs are, within the meaning of paragraph 300, "carpets woven whole for rooms." This term, so far as we know, has never been judicially construed, but if we were to hold that a rug which is woven whole

is a carpet woven whole for rooms, there would be no occasion for a provision of the statute covering rugs woven whole at all. Every such rug, of whatever size, would be woven whole for rooms, for we could take judicial notice that the predominant, if not the exclusive, use of rugs is in rooms. Should we attempt, on the other hand, to determine the question of whether carpets are woven whole for rooms by the size of the particular rug, this would lead to great difficulties. How large must a rug be before it is to be said that it is woven whole for rooms?

We think that this provision was intended to cover carpets which are *specially* woven for a room. We can take judicial notice that in the higher grades of carpeting it often occurs that one desiring a carpet fitted to or specially adapted to a room has it woven specially for that particular place, and this must be held to be the carpeting aimed at. This inference is to be drawn from the fact that this provision is grouped with those for high grades of carpeting, whereas if it were given the interpretation claimed by the Government it would include not only rugs of varying size but of the cheaper material. This we think can not fairly be said to have been within the intent of Congress. Beuttell *v.* United States (8 Ct. Cust. Appls., 409; T D. 37666) rules this case.

The decision of the board is *modified.*