RICE & CO. ET AL. *v.* UNITED STATES (No. 2017).[1]

PLEADING—PROTEST, SUFFICIENCY OF—SIMILITUDE PARAGRAPH.

· A protest should be tested by the rules relating to commercial instruments rather than by the strict rules of legal pleading. While, strictly speaking, the similitude paragraph of the tariff act (par. 386, tariff act of 1913) is itself; in a sense, an assessing

---

[1] T. D. 38403 (38 Treas. Dec., 419).

paragraph, still it may fairly be said that in the general language and common understanding of those dealing with the subject, and indeed in the language of many court decisions as well, merchandise which becomes dutiable at a given rate by similitude with enumerated articles is regarded as being brought thereby within the enumerating paragraph for assessment. The similitude paragraph is a legislative rule of interpretation of the scope of every duty-assessing provision of the tariff act, and, as such, it should no more be pleaded than any other rule of interpretation, construction, or evidence. Following the principle underlying United States *v.* Snellenburg & Co. (9 Ct. Cust. Appls., 59; T. D. 37939), which is regarded as *stare decisis* as to this issue, a protest claiming classification under a certain paragraph is sufficient to support such classification by similitude, even though the protest makes no mention of the similitude paragraph.

United States Court of Customs Appeals, May 1, 1920.

APPEAL from Board of United States General Appraisers, Abstract 43391.

[Reversed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel), for the United States.

[Oral argument Mar. 26, 1920, by Mr. Tompkins and Mr. Hanson ]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consists of certain dried and dyed immortelles. They were assessed with duty at the rate of 60 per cent ad valorem as artificial and ornamental flowers, under paragraph 347 of the tariff act of 1913.

The importers protested against the assessment, claiming the merchandise to be dutiable at the rate of 25 per cent ad valorem, "under the first clause of paragraph 210, as palms or cut flowers, preserved or fresh." The protests, it should be noted, contained no specific reference to the similitude provisions of the act as a basis for this claim.

It is now conceded that the merchandise was erroneously assessed, and that it was dutiable at the rate of 25 per cent ad valorem *by similitude* with "cut flowers, preserved or fresh," as enumerated in the first clause of paragraph 210, being the clause cited in the protest.—Bayersdorfer & Co. *v.* United States (7 Ct. Cust. Appls., 66; T. D. 36390). The sole question in the present case, therefore, is whether the importers' failure to specify in the protests that they were claiming assessment under the first clause of paragraph 210 aforesaid, *by similitude* under paragraph 386 of the act as well as by direct enumeration, forbids a decision sustaining the protests under that clause by similitude. In other words, is it necessary that protestants shall specifically plead the similitude provisions in their protest in order to secure relief thereunder?

This question was submitted to the Board of General Appraisers, and in a majority decision the board answered it in the affirmative.

The protests accordingly were held to be insufficient as a basis for relief by similitude, and were overruled. The importers now appeal.

It must be conceded that each side of the present controversy admits of very persuasive arguments in its behalf, and doubtless because of this fact the decisions of the board and the courts upon the question have been far from uniform. Upon a consideration, however, of the arguments advanced and the authorities cited in the case, we hold that the protests in question, notwithstanding their failure to refer specifically to the similitude provisions or paragraph, were sufficient as a demand for the assessment of the merchandise under paragraph 210 as "cut flowers, preserved or fresh," as well by similitude as by direct enumeration thereunder; and that they should have been sustained. That is to say, it was not absolutely necessary to make express claim of the similitude provisions in the protests.

This conclusion is justified in the first place by the general principles which have been recognized by the board and the courts when dealing with the subject of protests. The paragraphs of the present tariff act, as well as former ones, which relate to the filing of protests, are so familiar that it is unnecessary to copy them here, or even to refer to them by letter or number. They provide that a protest shall set forth distinctly and specifically the reasons for the protestant's objection to the decision of the collector as to the rate and amount of duties chargeable upon the imported merchandise. It must be filed within a limited time after liquidation or after payment of the duties upon an importation; no form is prescribed for it in the act.

It is manifest that in the ordinary course of trade such instruments are often likely to be filed by laymen without technical education in the law, and under circumstances which make it difficult if not impossible to secure the aid of counsel. It is reasonable to assume that this fact was within legislative view, and therefore to conclude that a protest should be tested by the rules relating to commercial instruments rather than by the strict rules of legal pleadings. It may be noted also in this behalf that no provision in practice is made for a demurrer or motion addressed to the form or sufficiency of a protest, nor for an answer or plea thereto, nor for an amendment thereof. Consequently, when the act requires that a protestant shall set forth in his protest "distinctly and specifically the reasons for his objections" to an assessment, it requires only such a measure of distinctness and particularity as is fairly and reasonably necessary to inform the collector concerning the nature and extent of the protestant's claim. And in applying this rule it should be remembered that the collector is charged with a knowledge of the law, in the present instance with a knowledge of the similitude provisions and

their coordination with each of the enumerating paragraphs of the act. When the collector and his advisory assistants first pass upon an importation, they must necessarily consider the similitude provisions as well as the enumerating paragraphs of the act in order to classify the merchandise for duty. Conversely, the importers also are legally charged with a knowledge of the similitude provisions of the act, and accordingly the collector is under no duty to mention these when they form the basis in part of the assessment.

This is an important rule in practice in behalf of the Government, and so far as we are informed it has never been questioned. That is to say, it happens not infrequently that merchandise is assessed with duty by the collector as answering directly to a specific duty-levying enumeration of the act. In such a case of course no mention is made of the similitude provisions in the assessment. However, it may be found upon protest that the merchandise thus assessed does not answer directly to the specific enumeration in question, but that it is nevertheless dutiable thereunder by force of the similitude provisions. Such an assessment certainly should not fail because the collector omitted reference to these provisions in the assessment, and neither should an importer's objection to an assessment fail because of a similar brevity in drafting the protest. It is true, strictly speaking, that the similitude paragraph is itself in a sense an assessing paragraph, but it may fairly be said that in the general language and common understanding of those dealing with the subject, and indeed in the language of many court decisions as well, merchandise which becomes dutiable at a given rate by similitude with enumerated articles is regarded as being brought thereby within the enumerating paragraph for assessment, and it is no stretch of construction to require that the language of a protest should be interpreted with this common form of expression in view.

When it is borne in mind that the similitude clause is in effect a part of and must be read in conjunction with every duty-levying provision of the act and that, as such, its single enactment makes for economy and simplicity of expression, so known to all, and that it levies no other rate or rates of duty than that expressed in the particular provisions of which it is in effect a constituent part, in this respect it differs not at all in principle from the one general levy of the rate or rates of duties prescribed in each paragraph of the act by the defining and limiting language of the enacting clause of the act, to wit:

That on and after the day following the passage of this act, except as otherwise specially provided for in this act, there shall be levied, collected, and paid upon all articles when imported from any foreign country into the United States or into any of its possessions (except the Philippine Islands and the islands of Guam and Tutuila) the rates of duty which are by the schedules and paragraphs of the dutiable list of this section prescribed, namely * * *

If the rates prescribed by each paragraph are actually levied by one general provision of the act, why should not the uniform amplitude of each and every paragraph as prescribed by Congress be expressed by a single paragraph? In fact, paragraph 386 is not a duty-levying provision. It neither prescribes nor levies a single rate of duty. But it is a legislative rule of interpretation of the scope of every duty-assessing provision of the act. It is a legislative mandate upon all collectors of customs and the administrative and judicial interpreters of the act as to the inclusiveness of each and every such paragraph and the consequently relative evidence in the application thereof. As such, it should no more be pleaded than any other rule of interpretation, construction, or evidence.

Upon the general principles above discussed see: Arthur *v.* Morgan (112 U. S., 495); Schell's Executors *v.* Fauche (138 U. S., 562); Carter *v.* United States (1 Ct. Cust. Appls., 64; T. D. 31033); Lichtenstein *v.* United States (idem, 79; T. D. 31105); United States *v.* Stirn (5 Ct. Cust. Appls., 140; T. D. 34191); United States *v.* Harlan et al. (8 Ct. Cust. Appls., 236; T. D. 37947); Shaw *v.* United States (122 Fed., 443).

In Greeley's Administrator *v.* Burgess (18 How., 413–416), Mr. Justice Campbell observed:

This statute was designed for practical use by men engaged in active commercial pursuits, and was intended to superinduce a prompt and amicable settlement of differences between the Government and the importer. The officers of the Government on the one part, and the importer or his agent on the other, are brought into communication and intercourse by the act of entry of the import, and opportunities for explanation easily occur for every difference that may arise. We are not, therefore, disposed to exact any nice precision, nor to apply any strict rule of construction upon the notices required under this statute. It is sufficient if the importer indicates distinctly and definitely the source of his complaint, and his design to make it the foundation for a claim against the Government.

In the case of Schell's Executors *v.* Fauche, *supra*, the Supreme Court said:

Some allowance must be made for the magnitude of business done at a large port, and the hurry and confusion necessarily incident to its transaction, as well as for the proneness of commercial men to look at the substance of things, rather than at the form in which their ideas are expressed. A protest which indicates to an intelligent man the ground of the importer's objection to the duty levied upon the articles should not be discarded because of the brevity with which the objection is stated.

It may be noted here that the present statutory requirement that a protest shall set forth "distinctly and specifically" the reasons (or grounds) for the protestant's objection to the assessment in question has been in force under various tariff enactments for almost a hundred years.

In respect to the controlling decisions of the board and the courts upon the specific question now in hand, there has been great contrariety, and it is almost doubtful whether either view has received a clear preponderance of authority.

In the second circuit, in the case of Hahn *v.* Erhardt (78 Fed. 620 (1897)), the Circuit Court of Appeals held that a protest which claimed certain merchandise to be dutiable under an enumeration of precious stones, was not sufficient to raise the question whether the merchandise should be so classified by similitude. In the same circuit, in the case of United States *v.* Dearberg (143 Fed., 472, 1905), the Circuit Court of Appeals entered a similar decision, reversing United States *v.* Dearberg (135 Fed., 245).

In the Third Circuit, in the case of In re Guggenheim Smelting Co., 112 Fed., 517 (1901), the Circuit Court of Appeals adopted and acted upon the rule that a protest might be sufficient to raise the question of classification by similitude, without special mention of the similitude provisions appearing in it. The point, however, though necessarily involved in the case, was not separately or distinctly discussed by the court in the opinion. An application for a writ of certiorari for the review of this case was refused by the Supreme Court (186 U. S., 485). In the Balbach Smelting & Refining Co case, G. A. 5171 (T. D. 23852), Judge Somerville, in a decision sustaining a protest like the present ones as sufficient to invoke the similitude provisions, referred as follows to the refusal of the Supreme Court to review the Guggenheim case:

The denial of this application by the court can not, in our judgment, be construed in any other light than as disapproving the doctrine announced in the Hahn case, and supports the view necessarily held in the Guggenheim case, that in order to sustain the classification of merchandise under any paragraph of the tariff act on the principle of similitude within the meaning of said section 4, or of other analogous provisions of later acts, it is *not* essential that the importer should specifically invoke in his protest the benefit of the provisions of this section.

The opposite view, however, was taken by the board in a majority opinion in the Dearberg case, G. A. 6327 (T. D. 27252), and again by the board in an opinion in the Taylor case, G. A. 8062 (T. D. 37177).

In this court, however, the present question has been so nearly approached by a recent decision as to bring it fairly within the rule of *stare decisis.* We refer to the case of United States *v.* Snellenburg & Co. (9 Ct. Cust. Appls., 59; T. D. 37939). The question in that case related to certain Wilton rugs imported under the present tariff act. There are three paragraphs of the act which were called into question in the case, and these are now copied in full:

294. Saxony, Wilton, and Tournay velvet carpets, figured or plain, and all carpets or carpeting of like character or description, 30 per centum ad valorem.

300. Carpets of every description, woven whole for rooms, and Oriental, Berlin, Aubusson, Axminster, and similar rugs, 50 per centum ad valorem.

303. Mats, rugs for floors, screens, covers, hassocks, bed sides, art squares, and other portions of carpets or carpeting, composed wholly or in part of wool, and not specially provided for in this section, shall be subjected to the rate of duty herein imposed on carpets or carpeting of like character or description.

It will be observed that paragraph 303, *supra,* is virtually a similitude clause of limited application, whereby rugs for floors and other portions of carpets or carpeting, composed wholly or in part of wool, and not specially provided for in the act, are made dutiable at the same rate as that imposed upon like carpets by the act. The merchandise in the case was assessed with duty at the rate of 50 per cent ad valorem under the enumeration of carpets woven whole for rooms, within paragraph 300, *supra.* The importers protested, claiming an assessment at the rate of 30 per cent ad valorem under the enumeration of Wilton carpets, within paragraph 294, *supra.* The protest contained no specific reference to either the general similitude provisions of the act nor to the provisions of paragraph 303, *supra.* The court nevertheless sustained the protestants' claim for an assessment of the merchandise under paragraph 294, *supra,* by virtue of the quasi-similitude provisions of paragraph 303, *supra.* and upon this subject the court, speaking by Montgomery, Presiding Judge, said:

It will be noted that both the collector and the importers treated these goods as carpets. The question that is raised is that, inasmuch as the importers failed to refer to paragraph 303, which provides that rugs for floors not specially provided for shall be subjected to the rate of duty imposed upon carpets or carpetings of the like character or description, the importers should not be permitted to claim under this provision.

The sole effect of this provision is to direct that when rugs of the character described are found in an importation they shall be carried into paragraph 294 and subjected to the duty therein provided. They are rated as carpets. The collector is presumed to understand the provisions of the law, and that he was not misled by the reference in the protest to these goods as carpets is made manifest from the fact that he himself rated them as carpets "woven whole for rooms."

The question is quite similar to that involved in the case of the Michelin Tire Co. *v.* United States (6 Ct. Cust. Appls., 283; T. D. 35507), in which it was held in effect that where the basic rate was pointed out the collector would have no difficulty in applying the rate with any added percentage imposed by other terms of the law.

We regard the principle of the foregoing decision to be controlling of the question now in hand, and accordingly hold that the present protests were sufficient to entitle the importers to relief by similitude under the clause cited by them. The decision of the board is therefore reversed, and the cause is remanded for the sustaining of the protests as above indicated.

*Reversed.*

BARBER, Judge, dissents.