ARONOFF GALLERIES, INC. *v.* UNITED STATES[1]

United States Customs Court, Third Division

(Decided October 19, 1938)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.

*Webster J. Oliver,* Assistant Attorney General (*William J. Vitale, Daniel G. McGrath,* and *Charles J. Miville,* special attorneys; *Alfred A. Taylor, Jr.,* and *Joseph A. Howard, Jr.,* junior attorneys), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: In this suit against the United States, the plaintiff claims that the collector of customs at the port of Baltimore assessed duty illegally on merchandise entered free of duty as artistic antiquities under paragraph 1811 of the Tariff Act of 1930. The invoice contains but one item, described as "1 Georgian mahogany dining table made in England previous to 1820. Purchased by us from Mr. C. W. Little of London, England in October 1935."

The collector of customs classified the article as "wood furniture" and assessed duty thereon at the rate of 40 per centum ad valorem under paragraph 412 of the Tariff Act of 1930. Also there was assessed an additional duty at the rate of 25 per centum ad valorem under section 489.

At the request of the plaintiff, the case was called for trial at Cincinnati, Ohio. The table in issue was introduced in evidence and testimony regarding its artistic character and age was offered by the plaintiff. Counsel for the defendant then moved to have the case transferred to Baltimore, the port of entry, for the Government's testimony. Counsel for plaintiff objected to the transfer but the

[1] C. D. 51.

judge presiding at the trial overruled the objection. Counsel for plaintiff then moved to withdraw the exhibit, which motion was denied. Thereupon counsel for the plaintiff moved that the testimony be stricken and abandoned the case, and the protest was dismissed by the court on December 31, 1937, Abstract 37429.

Within thirty days after the decision of the court dismissing the protest, the plaintiff made an application for rehearing on the ground that through error counsel abandoned the entire protest whereas he intended to abandon the protest only in so far as it claimed free entry under paragraph 1811, and that he desired to contest the legality of the assessment at 25 per centum ad valorem under section 489 of the act of 1930. The application for rehearing was granted and the case was subsequently submitted upon the record heretofore made, the plaintiff limiting his protest to the claim that the merchandise is not dutiable at 25 per centum ad valorem under section 489. The pertinent parts of that provision read as follows:

\* \* \* Furniture described in paragraph 1811 shall enter the United States at ports which shall be designated by the Secretary of the Treasury for this purpose. If any article described in paragraph 1811 and imported for sale is rejected as unauthentic in respect to the antiquity claimed as a basis for free entry, there shall be imposed, collected, and paid on such article, unless exported under customs supervision, a duty of 25 per centum of the value of such article in addition to any other duty imposed by law upon such article.

The sole contention which counsel for the plaintiff emphasizes in his brief is that the above-quoted section is null and void, being unconstitutional because it violates the following provisions of the United States Constitution:

Article 1, section 9, paragraphs 5 and 6 reading:

No tax or duty shall be laid on articles exported from any State.

No preference shall be given by any Regulation of Commerce or Revenue to the Ports of one State over those of another; nor shall vessels bound to, or from, one State, be obliged to enter, clear, or pay Duties in another.

Article 1, section 8, paragraph 1, reading:

The Congress shall have Power to lay and collect Taxes, Duties, Imposts, and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States.

Article V of the amendments of the Constitution, reading in part:

No person shall \* \* \* be deprived of life, liberty, or property, without due process of law; \* \* \*

To summarize plaintiff's contention briefly, it appears that his claim is that section 489 violates article 1, section 9, paragraphs 5 and 6 of the United States Constitution in that an importer in Cincinnati is required by article 450 (*i*) of the Customs Regulations of

1931, which was promulgated by the Secretary of the Treasury under authority of section 489 of the act of 1930, to enter his merchandise at the port of New York, Boston, Philadelphia, Baltimore, New Orleans, San Francisco, Seattle, Los Angeles, Chicago, or Honolulu, thereby giving preference to those ports over the port of Cincinnati, and that it violates article 1, section 8, paragraph 1 of the Constitution in that it prescribes that the additional duty shall be assessed on merchandise for sale by dealers whereas merchandise imported by a purchaser for his own use is not subject to the additional duty.

The court expresses appreciation of the excellent briefs filed by both parties in this case.

It is argued in the brief of counsel for defendant that the protest does not set forth facts sufficient to raise the question of the constitutionality of the tariff provision here involved and therefore the court is without jurisdiction to pass on that point. The protest reads as follows:

Hon. Collector of Customs, Port of Baltimore, Md., Sir: Notice of dissatisfaction is hereby given with, and protest is hereby made against, your ascertainment and liquidation of duties, and your decision assessing duty under the Tariff Act of 1930 on certain antiques, etc.

Said merchandise is not dutiable as assessed.

It is properly free of duty under Par. 1811.

Alternatively it is claimed that if dutiable, it is dutiable only at the appropriate rate under Title I of the Tariff Act of 1930.

It is alternatively further claimed that the merchandise is not chargeable with the 25% additional duty assessed by you under Sec. 489.

The protest is the plaintiff's pleading in the case. Defendant argues that, since section 514 of the Tariff Act of 1930, which gave the importer permission to file the protest, provides that such pleadings must set "forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto," if the objection to the action of the collector be that the statute is unconstitutional, it follows that under the statute such objection must be clearly set forth, citing decisions of the United States Supreme Court.

In the case of *Montana Catholic Missions* v. *Missoula County*, 200 U. S. 118, the court said at page 126:

There is nothing on the face of the complaint above set forth to show either the existence of any question involving the construction or application of the Federal Constitution, or that the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority, was drawn in question. This must appear in the complaint by the statement in legal and logical form, such as good pleading requires. *Arbuckle* v. *Blackburn*, 191 U. S. 405, 413; *Spencer* v. *Duplan Silk Co.*, 191 U. S. 526, 530. It must appear that the suit really and substantially involves a controversy of such a character.

In the case of *Defiance Water Co.* v. *Defiance*, 191 U. S. 184 at page 190, the court said:

We have repeatedly held that "when a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws. And it must appear on the record, by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States, before jurisdiction can be maintained on this ground." *Western Union Telegraph Co.* v. *Ann Arbor Railroad Co.*, 178 U. S. 239; *Gold Washing & Water Co.* v. *Keyes*, 96 U. S. 199; *Blackburn* v. *Portland Gold Mining Co.*, 175 U. S. 571; *Shreveport* v. *Cole*, 129 U. S. 36; *New Orleans* v. *Benjamin*, 153 U. S. 411, 424.

In the case of *Gibbes* v. *Zimmerman et al.*, 290 U. S. 326, the court said at page 328:

\* \* \* The appellant, who was plaintiff in the suit, asserts that the Act impairs the obligation of contract, in violation of the Constitution of the United States. We cannot consider this contention, since in his pleading the appellant relied solely on the provisions of the state constitution with respect to the obligation of contracts, and made no reference to Sec. 10, of Article 1 of the Federal Constitution; and the Supreme Court, in disposing of the case, did not mention or discuss that section. \* \* \*

While the cases from which the above-quoted excerpts are copied relate to questions of jurisdiction of the United States Supreme Court to review decisions of inferior courts and do not involve a construction of section 514 of the Tariff Act of 1930 or predecessor sections in previous tariff acts, they distinctly hold that constitutionality questions are not involved in a case unless the claim is contained in the pleadings in legal and logical form. The decisions cited in the excerpts quoted are also to the same effect.

Counsel for the plaintiff cites the decision of this court in the case of *C. E. Zuercher & Co.* v. *United States*, T. D. 44782, 59 Treas. Dec. 822, in support of his contention that his protest is sufficient to invoke the claim of unconstitutionality of the tariff provision. The late Judge Young, speaking for the court in that case, said:

In the case at bar the United States Constitution need not be pleaded. Like the major premise in a complaint, it is always understood. If the facts are set forth in the complaint a statement of the law is implied. Here, their reliance upon the valid law impliedly claims the unconstitutionality of a law attempted to be enforced to their injury.

We do not now consider this to be sound law.

The plaintiff cites also the case of *Rice & Co. et al* v. *United States*, 10 Ct. Cust. Appls., 165, T. D. 38403, affirmed by the United States Supreme Court in *United States* v. *M. Rice & Co. et al.*, 257 U. S. 536. That case involved the application of the similitude clause in paragraph 386 of the Tariff Act of 1913. The court held that a protest

which enumerated a claim under the appropriate paragraph but failed to cite the tariff provision covering the similitude clause was sufficient to invoke the claim that the merchandise was dutiable under the paragraph named by virtue of the similitude provision. The distinction between that case and the one here involved is apparent. The similitude provision is a legislative rule of interpretation of the scope of every duty assessing paragraph of the tariff act, and the collector of customs must necessarily consider that provision and its coordination with each of the enumerated paragraphs in assessing duty on imported merchandise. The unconstitutionality of a provision would not ordinarily be considered by the collector in the classification of merchandise and his attention would not be directed to such claim in a protest unless that objection was specifically defined.

We are of opinion that the decisions of the United States Supreme Court above cited, holding that an unconstitutionality claim will not be considered unless contained in the pleadings, are controlling in this case, and we hold that the protest here involved does not set forth facts sufficient to raise the question of the constitutionality of the provision in section 489 of the Tariff Act of 1930 under which the collector assessed additional duty at the rate of 25 per centum advalorem.

We find no evidence in the record sufficient to overcome the presumption of correctness attaching to the collector's decision. The protest is therefore overruled and judgment will be entered in favor of the defendant.