(C.D. 2403)

R. U. Delapenha & Co., Inc. v. United States

United States Customs Court, Third Division

(Dated June 12, 1963)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: Three protests are here consolidated for purposes of trial. The merchandise, in all three cases, is a packaged food product that is known by the trade name of Bird's Dessert Powder, product of Great Britain. Entry in the three protests was on February 27, 1959, January 7, 1960, and April 21, 1960, respectively. The collector classified the merchandise of all three entries as a nonenu-

merated manufactured article, dutiable under paragraph 1558 at a rate of 20 per centum ad valorem.

These three protests, as filed, claimed classification of the merchandise as a starch, not specially provided for, under paragraph 83, dutiable at the modified rate of ¾ cent per pound. (T.D. 51802.) By protest amendment, an alternative claim is made that Bird's Dessert Powder is a nonenumerated article, to be classified under paragraph 1558, but that, by similitude to starch, it is entitled to the modified paragraph 83 rate of ¾ cent per pound.

The two claims are, obviously, inconsistent. If this merchandise is indeed a starch that is enumerated in paragraph 83, it cannot also be a nonenumerated article for which, in an appropriate case, dutiable status by similitude may be invoked. Plaintiff recognizes the inconsistency of its two protest claims and, in its brief, asserts that the claim for direct classification as a starch, under paragraph 83, is not pressed. (Plaintiff's brief, p. 1.) This the court construes as an abandonment of such claim.

Plaintiff and defendant join in asserting that this is a nonenumerated article and, hence, that it is properly to be classified under paragraph 1558. Where they differ is only as to whether the similitude clause of paragraph 1559 is applicable, so as to give the merchandise the benefit of the lower rate provided for starch, not specially provided for.

However, the court cannot apply the similitude clause without first finding whether this merchandise is a nonenumerated article. The concession of the parties in this respect does not relieve us from the duty to inquire whether, at law, there is here the basic condition which Congress has laid down as prerequisite to application of the similitude clause. For it is clear, beyond need to cite authority, that if the merchandise at issue is an enumerated article, an erroneous agreement of the parties that it is nonenumerated will not make it such, so as to bring the merchandise within the similitude clause.

The first question before us, then, is whether this is or is not a nonenumerated article. The major constituents of Bird's Dessert Powder are shown by United States Customs Laboratory analysis to be 91.6 per centum corn starch and 7.3 per centum moisture. (Exhibit 2.) These constituents total 98.9 per centum. They are also the major constituents of corn starch. Other ingredients of Bird's Dessert Powder are (in weight) 1.0 per centum sodium chloride, 0.07 per centum coal-tar dye (chiefly tartrazine), and a "very small amount" of flavoring.

The question arises whether, notwithstanding the abandoned claim for direct classification, there is such substantial identity of Bird's Dessert Powder with an enumerated article as to bar a finding of duty rate by virtue of similitude. Did the minor added ingredients,

slightly over 1 per centum by weight, make this merchandise something other than the corn starch which is its major ingredient? Or are these additives "trifles," so that the rule *de minimis non curat lex* requires us to hold that Bird's Dessert Powder is an article for which Congress made enumerated tariff provision and that it, therefore, is not such a nonenumerated article as may become dutiable by similitude?

Plaintiff states that "the presence of additional ingredients (such as salt and trifling amounts of coloring and flavor * * *), * * * legally prevent direct classification of the imported merchandise as the enumerated article," but that its use is, nonetheless, the chief use of corn starch and, hence, classification of the merchandise as starch by similitude is proper. (Plaintiff's brief, p. 9, *et seq.*) Defendant, in its brief, refers to plaintiff's claim for direct classification as a starch merely by way of comment that the direct classification claim has been abandoned, without discussing its merits. (Defendant's brief, p. 2.)

The rule *de minimis non curat lex*, which is freely translated as "the law takes no account of trifles," has been considered, in tariff cases, where the competition was either between enumerated classifications or between an enumerated and nonenumerated classification. We find no case in which similitude has been found in a situation where, except for "trifles," classification would have been directly under the same enumerated provision as that invoked by similitude, save only *Middleton & Co.* v. *United States*, 9 Treas. Dec. 584, T.D. 26234, G.A. 5995. That is an old decision of the Board of General Appraisers, and may well seem to have little current force. However, it appears to be the closest case to the present situation.

In the *Middleton* case, the merchandise was known commercially as arrowroot flour. The collector classified it as a starch under the Tariff Act of 1897. There was, in that act, also an enumerated provision for arrowroot in the natural state, not manufactured. Citing *Chew Hing Lung* v. *Wise*, 176 U.S. 156, in which the Supreme Court held that the language of the starch paragraph includes any preparation which is so far fit for use as starch as to be commonly used or known as such or as a substitute therefor, the Board of General Appraisers held:

* * * The commodity is arrowroot starch. Under the evidence of this case we think we are warranted in holding that it is like other substances known as starch in its component material and is chemically starch. In the ordinary acceptation of the term it is fit for use as starch. The shape of the crystals or granules distinguishes it as starch. Hence we think the provision governing classification by similitude, found in section 7, should be invoked, and the commodity assessed at 1½ cents per pound.

The Circuit Court of Appeals, second circuit, affirmed the board's decision in a brief *per curiam* opinion (*Middleton & Co.* v. *United States*, 151 Fed. Rep. 16), as follows:

In affirming the decision of the court below and of the Board of General Appraisers, *we do not mean to decide that the importations in controversy (arrowroot in its starchy form) were not dutiable directly under paragraph 285* of the tariff act of July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 173 [U.S. Comp. St. 1901, p. 1653], as a "preparation fit for use as starch." The Board held them dutiable under that paragraph indirectly by similitude. *Whether this reason was sound or not, a correct result has been reached.* [Emphasis added.]

Plaintiff's abandonment of its claim for classification under the starch provision poses a procedural problem. It has long been the rule that invoking the similitude provision is a procedural matter, that similitude need not be pleaded, and that the correct form of pleading is a claim to classification under the provision as to which plaintiff seeks to establish similitude. *Rice & Co.* v. *United States*, 10 Ct. Cust. Appls. 165; affirmed, *United States* v. *Rice & Co.*, 257 U.S. 536.

It seems clear enough that plaintiff's intention is to accept, as a conclusion of law, the nonenumerated classification under which the collector liquidated this merchandise, and rely on similitude to corn starch rather than direct classification as such. But this does not, as earlier observed, relieve the court of its obligation to find, as an issue of law, whether there is a tariff enumeration which describes the merchandise. *United States* v. *Kurtz*, 5 Ct. Cust. Appls. 144; *United States* v. *Macy & Co.*, 7 Ct. Cust. Appls. 8; *United States* v. *Furuya*, 11 Ct. Cust. Appls. 551; *Julius Forstmann & Co.* v. *United States*, 26 CCPA 336, C.A.D. 37.

Questions of law may not be stipulated, but are to be decided by the court.

It appears to be conceded by the parties that sodium chloride, coal-tar dye, and flavor are ingredients not found in corn starch, although no laboratory analysis of corn starch is in evidence. There are in evidence samples of Bird's Dessert Powder and of corn starch. (Exhibits 1 and 3.) Physical inspection of the powder, or flour, in the two exhibits discloses a slightly darker hue, or coloration, of the dessert powder, than of the corn starch. Taste discloses a pleasant flavor in the dessert powder, not found in the corn starch. Otherwise, appearance and taste do not greatly differ. Consistency is about the same.

It is the property of all starches that they are insoluble in cold liquid, but that, when heated with liquid, they form a viscous liquid which becomes solid when cooled. The evidence here affirms this basic property, common both to Bird's Dessert Powder and to corn

starch. That is to say, what makes starch a starch is also the property of this merchandise.

Have the additives, trifling in weight, so substantially changed the product that it is no longer the corn starch of tariff enumeration? Or are they trifles of which the law does not take heed, under the doctrine *de minimis non curat lex?*

We hold that this merchandise is a starch, within the tariff enumeration of paragraph 83. Nearly 99 per centum is corn starch. It has the same uses which are also the chief uses of corn starch. It would be straining construction beyond reason to hold that because of 1.1 per centum of seasoning additives it may not be classified as a starch, that it is instead a nonenumerated article, but that it is subject to the starch rate, by similitude. This is corn starch, with a negligible quantity of additives. This is used for the same cookery uses which are the chief uses of corn starch. For tariff purposes, it is corn starch.

Having found that this merchandise is corn starch, it remains for us to consider whether the fact that it is called dessert powder takes it out of the *eo nomine* starch classification. It does not. *C. J. Tower & Sons* v. *United States*, 47 CCPA 85, C.A.D. 734.

We are mindful that our appeals court has recently, in *United States* v. *Williams Clarke Co.*, 50 CCPA 67, C.A.D. 822, held that mere omission, in plaintiff's opening statement, of one of several protest claims in the recital of such claims, is not to be construed as the withdrawal, or abandonment, of the omitted claim. That is not the situation before us. Here, there is more than mere omission. There is the statement by plaintiff's counsel that the protest claim for direct classification under paragraph 83 *is not pressed.* Such affirmative language has long been construed to mean that plaintiff has voluntarily elected not to urge on the court this one of its protest claims and, hence, has abandoned, or withdrawn, that protest claim.

Indeed, if not so construed, defendants would have the considerable burden of defending, and the court of deciding, even those protest claims which plaintiffs affirmatively allege that they do not wish to urge, or argue. It may be that our appeals court requires this, unless the claim has been withdrawn or abandoned *in haec verba*, but we do not read this into the *Clarke* case, *supra.* That case, quite properly, rests on its facts.

In order that plaintiff may have opportunity, if it wishes to do so, to revive before judgment its abandoned claim for direct classification, submission is set aside for a period of 30 days from this date. On the pleadings then before us, judgment will be entered consistent with this opinion.