BEFORE THE THIRD DIVISION
SEPTEMBER 24, 1963

**No. 68012.**—R. U. Delapenha & Co., Inc. *v.* United States, protests 60/6879, 60/30306, and 61/9841.— RICHARDSON, Judge, concurred in the following order:

DONLON, Judge: Submission of these protests haveing been set aside (*R. U. Delapenha & Co., Inc.* v. *United States*, 50 Cust. Ct. 144, C.D. 2403), plaintiff has moved that the protest claims to classification under paragraph 83 be "revived and restored." Defendant opposes the motion, alleging that only a court of equity could grant the motion, that such relief is beyond the powers of this court, and, further, that to render judgment for direct classification under paragraph 83 would be to "reclassify the merchandise outside the limits of the issue as drawn by the classification of the collector and the protest of the plaintiff," citing *Innis Speiden & Co.* v. *United States*, 14 Cust. Ct. 121, 126, C.D. 924.

Let us first consider whether the relief sought is equitable, as defendant contends, or procedural, as plaintiff argues. In our opinion, it is procedural, and, hence, there is no need to discuss whether this court has, or has not, equity powers. (There has been, it appears, no comprehensive consideration of that issue subsequent to enactment of 70 Stat. 532, approved July 14, 1956, and cases theretofore decided may not necessarily be controlling.)

Notwithstanding diverse terms used by the parties to characterize what plaintiff's present position is with respect to its claim in the several protests for classification of the merchandise under paragraph 83, the court has held that this claim was abandoned. We so held in *idem*, cited, *supra*, and further discussion of that point is not necessary.

Abandonments of protests are set aside by this court. There is a long history of that procedure, whether the abandonment was before or after entry of the judgment order dismissing the abandoned claim. Frequently—in the great majority of such cases—defendant consents, or at least states in writing that it has no objection, to vacating the abandonment. Clearly, it is not defendant's consent (or nonobjection) that confers on the court jurisdiction to vacate an abandonment. The court has such jurisdiction. Defendant's opposition to a motion to set aside abandonment merely requires that the court weigh whatever arguments are adduced in opposition, in order that decision on the motion may be a just decision. Jurisdiction to decide is not involved. This is a procedural power which the court has, and regularly exercises, whenever abandonments are set aside, often on plaintiff's "second thought" in the matter.

Defendant further argues that to grant plaintiff's motion would permit entry of judgment on an issue that was not raised by the pleadings. The cases which defendant cites as authority for this argument point out the fallacy inherent in their attempted application as precedents here.

This is not an untimely motion to amend the protest. The protests here clearly raise the issue of classification under paragraph 83. What plaintiff does (albeit in somewhat inept language) is to make timely motion, before entry of the judgment order, to set aside its abandonment of that claim.

The court is concerned solely with whether such setting aside is, or is not, in the interest of justice. We hold that it is.

The motion to set aside plaintiff's abandoned protest claims to classification under paragraph 83 is granted. Unless theretofore resubmitted by order on motion, the protests are assigned to the October 1963 New York trial calendar of the third division, for all purposes.