BEFORE THE THIRD DIVISION, FEBRUARY 11, 1964

No. 68309.—R. U. Delapenha & Co., Inc. *v.* United States, protests 60/6879, 60/30306, and 61/9841 (New York).

DONLON, Judge: These consolidated cases were restored to the trial calendar for all purposes, submission having been set aside by the court *sua sponte*. *R. U. Delapenha & Co., Inc.* v. *United States*, 50 Cust. Ct. 144, C.D. 2403, and order therein entered September 24, 1963, *Id.* v. *Id.*, 51 Cust. Ct. 214, Abstract 68012.

In open court, both plaintiff and defendant rested on the record previously made, and the case was submitted for decision on that record. Both parties filed briefs.

Plaintiff argues, correctly, that in its decision herein, *supra* (C.D. 2403), the court has held that the instant merchandise is such a starch as Congress has provided for *eo nomine* in paragraph 83. Defendant argues that the court, in its decision, rested application of the doctrine *de minimis non curat lex* solely to the fact that "only a little over one percent of additional ingredients was combined with the corn starch." (Defendant's brief, p. 2.) Defendant cites two cases as authority for its argument that it is not the small amount of the non-

starch material that affects classification, but the reasons for the presence of such materials. These cases appear not to have been cited by defendant in its brief originally filed when our decision in this case, *supra* (C.D. 2403), was handed down. However, they were among the several authorities we studied but we deemed them inapplicable and, therefore, did not discuss them. We now do so.

In *Varsity Watch Co.* v. *United States*, 34 CCPA 155, C.A.D. 359, the merchandise was gold-plated watches and the competing provisions were subparagraphs (2) and (4) of paragraph 367(f). The Government contended that the involved watches were *eo nomine* provided for in subparagraph (2); plaintiff contended they were *eo nomine* provided for in subparagraph (4). The issue, then, was which provision more accurately described gold-plated watches; one, a provision describing watches, if *in part of gold*, or a provision describing those that *do not contain gold*. There is here, of course, no provision for a starch that does not contain salt or other ingredient and no provision for a starch that is in part of salt, etc.

On earlier consideration, we deemed *Varsity Watch Co., supra*, not determinative of the issues here. We are still of that opinion.

As to *The Nestle Co., Inc.* v. *United States*, 47 Cust. Ct. 44, C.D. 2278, the court there held, and in our view properly, that the tariff provision for all alcoholic compounds, not specially provided for, if containing 20 per centum of alcohol *or less*, more correctly described merchandise to which sherry had been added for flavoring, than did the nonenumerated catchall provision of paragraph 1558. To the same effect, see *C. H. Arnold & Co.* v. *United States*, 20 CCPA 417, T.D. 46259.

It is a basic rule of tariff classification that if it be found that an article is fairly included within any of the enumerated clauses of the tariff act, then one may not resort to the nonenumerated provision of the act. *Package Machinery Co.* v. *United States*, 41 CCPA 63, C.A.D. 530, and cases therein cited.

For the reasons here stated and those set forth in our opinion in C.D. 2403, *supra*, we hold that the instant merchandise is fairly included within the starch enumeration of paragraph 83.

Judgment will be entered accordingly.